Adam I. Gafni, Cal. Bar No. 230045
Sascha Meisel, Cal. Bar No. 293841
LAW OFFICES OF ADAM I. GAFNI
2811 Wilshire Blvd., Suite 780
Santa Monica, California 90403
Tel: (424) 744-8344
Fax: (424) 488-1344
E-mail: adam@gafnilaw.com
E-mail: sascha@gafnilaw.com

Attorneys for Plaintiff, BARRY ROSEN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY ROSEN,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL "MIKE" MEDLIN DBA AFFORDABLE AUTOGRAPHS, AFFORDABLEAUTOGRAPHSHOLLYWOOD AND DOES 1-10.<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, BARRY ROSEN ("Plaintiff"), by and through his attorneys of record, alleges against MICHAEL "MIKE" MEDLIN dba AFFORDABLE

AUTOGRAPHS, AFFORDABLEAUTOGRAPHSHOLLYWOOD ("Defendant") and Does 1 -10 inclusive as follows:

**I.**

**THE PARTIES**

1. Plaintiff Barry Rosen ("Plaintiff") is a professional photographer who currently and at all relevant times has resided within the County of Los Angeles, California. Plaintiff's images are copyrighted images, registered with the United States Copyrights Office, to which Plaintiff owns all rights, title, and interest.

2. Plaintiff is informed and believes that the Michael "Mike" Medlin ("Defendant") is an individual residing within Los Angeles County, CA.

3. Plaintiff is informed and believes that Defendant has operated and is currently operating as a seller on eBay under the username affordableautographshollywood. Plaintiff is informed and believes that Defendant is in the business of selling photographs of celebrities and other collectibles on eBay and has been since 2006 and also sells such items in person at flea market type shows including but not limited to Comic-con and Hollywood Collectors Show.

4. Plaintiff is informed and believes that Defendant's actions on eBay and elsewhere are dedicated to publishing, displaying, and selling celebrity photographs and collectibles. Plaintiff is informed and believes that Defendant has sold thousands of items to customers via his eBay account.

5. Plaintiff is informed and believes that by Defendants own words, that Defendant personally and purposefully made the unauthorized photographic prints of Plaintiffs' copyrighted image(s). Plaintiff is further informed that Plaintiff made the unauthorized photographic prints of Plaintiffs' copyrighted image(s) for the purpose of obtaining the featured celebrities autograph for the purpose of

intentionally selling the unauthorized photographic prints and to profit from such activities.

6. Plaintiff is informed and believes that Defendants may be a major supplier of such unauthorized photographic prints to third parties, who then in turn have in the past or will also infringe Plaintiffs copyrights in the future.

7. Plaintiff does not presently know the true names and capacities of the Defendants named as Does 1 through 10, and therefore sues such Defendants by these fictitious names. Plaintiff believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, agents, or employees of the known Defendants, or through entering into a conspiracy and agreement with the known Defendants to perform these acts for financial gain and profit, in violation of Plaintiff's rights. Plaintiff will request leave from the Court to amend this Complaint to set forth their true names, identities and capacities when Plaintiff ascertains them. The Doe Defendant and the known Defendant are referred to collectively as "Defendants".

8. Plaintiff is informed and believes that Defendants have been or are the principals, officers, directors, agents, employees, representatives, and/or co-conspirators of each of the other Defendants, and in such capacity or capacities participated in the acts or conduct alleged herein and incurred liability therefore. Plaintiff is informed and believes that at some unknown time, the Defendants or some of them entered into a conspiracy with other of the Defendants to commit the wrongful acts described herein; the actions described below were taken in furtherance of such conspiracy; and Defendants aided and abetted each other in the wrongful acts alleged herein. Plaintiff is informed and believes that each of the Defendants acted for personal gain or in furtherance of their own financial advantage in doing the acts alleged below.

## II.
## JURISDICTION AND VENUE

9. Plaintiff incorporates by reference each allegation contained in the foregoing paragraphs of this Complaint. This action is for damages and permanent injunctive relief arising from Defendants' copyright infringements in violation of the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

10. ***Subject Matter Jurisdiction:*** This action arises under the Copyright Act, 17 U.S.C. sections 101 *et seq.* and 501(a) *et seq.* This Court has original subject matter jurisdiction over all claims, pursuant to 28 U.S.C. sections 1331 and 1338(a).

11. ***Venue:*** Plaintiff is informed and believes that venue is proper in this Court, pursuant to 28 U.S.C. section 1391(b) and (c) and Section 1400(a) in that the claims arise in this Judicial District, the injury suffered by Plaintiff took place in this judicial district, and Defendants transact business in this judicial district.

12. ***Personal Jurisdiction:*** Plaintiff is informed and believes that personal jurisdiction is proper over the Defendants because for years Defendants operated and/or currently operate commercial businesses through which Defendants knowingly, systematically, and continuously transacted or transact business and enter or entered into contracts on an ongoing basis with and provide or provided services to individuals or companies in California, including within the County of Los Angeles; and Defendants have engaged in intentional acts that willfully infringed or assisted in the infringement of Plaintiff's copyrights within California.

## III.
## FACTUAL ALLEGATIONS

13. Plaintiff incorporates by reference each allegation contained in the foregoing paragraphs of this Complaint.

14. Plaintiff Rosen is an individual photographer. Plaintiff created the one (1) photographic work at issue in this case (the "Photograph"). The Photograph consists of material original with Plaintiff and is copyrightable subject matter. Plaintiff is the owner of all rights, title, and interest in the Photograph.

15. Plaintiff is informed and believes that Defendant at all relevant times was and is in the business of selling copyright infringing celebrity photographs on eBay under the username affordableautographshollywood and elsewhere including but not limited to Comic-con and Hollywood Collectors Show.

16. Plaintiff is informed and believes that, prior to the time of the infringements as alleged herein, Plaintiff had registered the copyright for the Photograph and had been issued a Certificate of Registration. Specifically, the copyright name and number of the Photograph is as follows:

(1) Reg. No. VAu660-263; Ali Landry

17. The Photograph was not a "work for hire".

18. The print of the Photograph sold is not an authorized print by Plaintiff.

19. Plaintiff is informed and believes that the print was made by Defendants in violation of Plaintiffs registered copyright.

20. Plaintiff is informed and believes that Defendants may have made and/or sold other such unauthorized prints of Plaintiffs images.

21. Within the last three years, Plaintiff discovered that Defendants unlawfully copied, publicly displayed, uploaded/downloaded and distributed the copyright registered Photograph without a license on eBay, constituting direct copyright infringement, pursuant to sections 106 and 501 of the Copyright Act (17 U.S.C section 106 and 501).

22. Plaintiff is informed and believes that Defendants, without authorization or permission from Plaintiff, unlawfully copied/reproduced, uploaded/downloaded,

caused to be uploaded/downloaded, publicly displayed, distributed, and sold the Photograph to a global audience on the World Wide Web via eBay.

23. Plaintiff is informed and believes that at all relevant times the infringing Photograph at issue was publicly accessible and actually distributed to members of the public.

24. Defendants' unlawful acts have interfered with and undermined Plaintiff's ability to market Plaintiff's own original photographic works, thereby impairing the value and prejudicing the sale or license by Plaintiff of his own photographic works.

25. Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff for which he has no adequate remedy of law.

26. The Doe Defendants, by contributing to the unauthorized appropriation and use of Plaintiff's original photographic works, have been and are engaging in acts of unfair competition, unlawful appropriation, unjust enrichment, wrongful deception of the purchasing public, and unlawful trading on Plaintiff's goodwill and the public acceptance of Plaintiff's original photographic works.

## IV.
## FIRST CLAIM FOR RELIEF
## DIRECT COPYRIGHT INFRINGEMENT PURSUANT TO 17 U.S.C. 106 and 501

27. Plaintiff incorporates by reference each allegation contained in the foregoing paragraphs of this Complaint and Exhibits as if fully set forth herein.

28. Plaintiff owns all rights, titles, and interests in and to the copyright for the Photograph, the use of which has not been licensed to Defendant.

29. Under Section 106 of the Copyright Act of 1976, 17 U.S.C. section 101 et seq. (the "Copyright Act"), Plaintiff has the distinct, severable, and exclusive rights, *inter alia*, to reproduce, distribute and publicly display the Photograph. (17 U.S.C. § 106(1), (3), and (5).)

30. By the actions alleged above, Defendants have infringed on Plaintiff's copyrights by copying, displaying, publishing, and distributing Plaintiff's copyrighted Photographs without permission to a global audience on the World Wide Web.

31. Defendants misappropriated Plaintiff's copyrights in the Photograph with actual and/or constructive knowledge that the Photograph at issue did not belong to Defendants; Defendants thereby willfully engaged in unauthorized use, copyright, distribution, and/or display of Plaintiff's copyrighted Photograph.

32. Plaintiff is informed and believes that the Doe Defendants' acts of infringement were ongoing, willful, intentional, and purposeful, and/or in reckless disregard of and with indifference to Plaintiff's rights in that Defendants knew or recklessly failed to know that they did not have the rights to use the Photograph in the manner in which they used the Photograph in violation of Sections 106 and 501 of the Copyright Act (17 U.S.C. sections 106 et seq. and 501 et seq.).

33. As a direct and proximate result of Defendants' infringements, Plaintiff was damaged and is entitled to recover from Defendants the damages, including attorney's fees, he has sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of their acts of infringement alleged above. At present, the amount of damages, gains, profits and advantages cannot be fully ascertained by Plaintiff, but will be established according to proof at trial. Plaintiff also seeks to recover statutory damages for the Doe Defendants' infringement of his copyrights of up to $150,000.00 per infringement.

34. Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff for which he has no adequate remedy of law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

35. For Plaintiff's actual damages.

36. For a full accounting under supervision of this Court of all profits, income, receipts, or other benefits derived by Defendants as a result of their willful and unlawful conduct.

37. For statutory damages under the Copyright Act of up to $150,000.00 per infringement and,

38. For prejudgment interest.

39. For attorneys' fees and costs.

40. For preliminary and permanent injunctive relief from ongoing infringing activities, including, but not limited to:

a. enjoining Defendants, and all persons acting in concert or participation with them, from: directly or indirectly infringing in any manner, or causing, contributing to, enabling, facilitating, or participating in the infringement of Plaintiff's copyrights (whether now in existence or hereafter created) or exclusive rights under copyright, and

b. the seizure of all property made in, or used to assist in the violation of Plaintiff's exclusive copyrights pursuant to 17 U.S.C. §503, including, but not limited to, all copies of the Photograph, all domains and all servers and other computer equipment used to publish, broadcast or archive the Photograph; and

41. For such other and further relief as this Court deems just and appropriate.

Dated:

July 30, 2015

LAW OFFICES OF ADAM I. GAFNI

By: /s/ Adam I. Gafni

Adam I. Gafni
Sascha Meisel
Attorneys for Plaintiff
Barry Rosen

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of any and all issues triable with right by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: July 30, 2015

LAW OFFICES OF ADAM I. GAFNI

By: /s/ Adam I. Gafni

Adam I. Gafni
Sascha Meisel
Attorneys for Plaintiff
Barry Rosen