1  MICHAEL MEDLIN _____ (Full Name)

2  ☐ Individually

3  ☒ d/b/a AFFORDABLE AUTOGRAPHS.COM (Business Name)

4  BIGRED1769@GMAIL.COM _____ (Email Address)

5  5936 CARLTON WAY #11 _____ (Address Line 1)

6  HOLLYWOOD, CA 90028 _____ (Address Line 2)

7  1-818-668-0068 _____ (Phone Number)

8  Defendant in Pro Per

FILED
CLERK, U.S. DISTRICT COURT
OCT 14 2015
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

ORIGINAL

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

BARRY ROSEN _____,

Plaintiff,

vs.

MICHAEL MEDLIN _____

_____

_____,

Defendant(s).

Case No.: 2:15-CV-05789-ODW(JCx)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT PURSUANT TO FED. R. CIV. P. 55(c)**

**Hearing Date:** 11/16/2015

**Hearing Time:** 1:30pm

**Judge:** WRIGHT
(Judge's name)

**Place:** COURTROOM 11
(courtroom number)

Defendant respectfully submits this Memorandum of Points and Authorities in Support of Defendant's Motion to Set Aside Entry of Default.

//

//

*Revised: August 2013*
*Form Prepared by Public Counsel.*
*© 2011, 2013 Public Counsel.*
*All rights reserved*

# TABLE OF CONTENTS

I.    INTRODUCTION .................................................................................. 1

II.   STATEMENT OF FACTS AND PROCEDURAL HISTORY ....................... 1

III.  ARGUMENT ...................................................................................... 3

     A.   Defendant's Delay in Responding to the Lawsuit was Not Culpable...... 4

     B.   Defendant Has a Meritorious Defense to the Lawsuit. ........................... 6

     C.   Plaintiff Will Not Suffer Prejudice If Entry of Default Is Set Aside. ....... 7

IV.  CONCLUSION.................................................................................. 8

i

Memorandum of Points and Authorities in Support of
Motion to Set Aside Entry of Default Pursuant to Fed. R. Civ. P. 55(c)

# TABLE OF AUTHORITIES

**Cases**

*Audio Toys, Inc. v. Smart AV Pty Ltd.*,
  2007 U.S. Dist. LEXIS 44078 (N.D. Cal. June 6, 2007)....................................6, 7

*Bateman v. United States Postal Service*,
  231 F.3d 1220 (9th Cir. 2000) ........................................................................7

*Bonita Packing Co. v. O'Sullivan*,
  165 F.R.D. 610 (C.D. Cal. 1995)....................................................................4

*Clark v. Amazon.com*,
  2007 U.S. Dist. LEXIS 34314 (E.D. Cal. May 10, 2007) ...............................1

*Crossbow Tech., Inc. v. YH Tech.*,
  2007 U.S. Dist. LEXIS 8028 (N.D. Cal. Jan. 22, 2007).................................1

*Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*,
  375 F.3d 922 (9th Cir. 2004) .......................................................................3, 4

*Hawaii Carpenters' Trust Funds v. Stone*,
  794 F.2d 508 (9th Cir. 1986). ........................................................................6

*Meadows v. Dominican Republic*,
  817 F.2d 517 (9th Cir. 1987) ..........................................................................4

*TCI Group Life Ins. Plan v. Knoebber*,
  244 F.3d 691 (9th Cir. 2001) ......................................................................4, 7

*United States v. Hagerman*,
  545 F.3d 579 (7th Cir. 2008) ..........................................................................1

**Statutes**

Fed. R. Civ. P. 55(c)........................................................................1, 3, 4, 8

Fed. R. Civ. P. 60(b)(1)........................................................................3, 4

Memorandum of Points and Authorities in Support of
Motion to Set Aside Entry of Default Pursuant to Fed. R. Civ. P. 55(c)

## I.    INTRODUCTION

The Court should set aside entry of default against Defendant pursuant to Fed. R. Civ. P. 55(c) because there is good cause for Defendant's delay in appearing in this action.  Defendant (*name*): _MichaeL MedliN_ appears pro se on behalf of (*check one*):

☐ Defendant only.

☒ Defendant individually and doing business as Defendant's unincorporated sole proprietorship, (*name of business*): _AffordABle AutoGRAPHS.Com_
_____.[1]

## II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff filed ~~a lawsuit~~ an Amended Complaint against Defendant on (*date*): _9/10/15_. According to the Proof of Service on file with this Court, Defendant was served on (*date*): _9/11/15_.  The Court entered default against Defendant on (*date*): _OCT 8 2015_.

Defendant became aware of the ~~lawsuit~~ amended complaint on (*date*): _10/10/15 (approx.)_ (Decl. of Defendant ¶ 3.)  Defendant found out about the ~~lawsuit~~ amended complaint because _he received motion to enter default papers_
_____.  (Decl. of Defendant ¶ 3.)

Defendant took the following actions in response to the ~~lawsuit~~ amended complaint (*include specific dates*): _I FILED AN ANSWER ON SEPT 2ND 2015._ _I have never received the amended complaint._

[1]    Courts have recognized that a sole proprietorship may appear pro se.  *See United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008) (holding that a sole proprietorship may appear *pro se*, but a limited liability company may not) (citations omitted); *see also Clark v. Amazon.com*, 2007 U.S. Dist. LEXIS 34314, at *1 (E.D. Cal. May 10, 2007) and *Crossbow Tech., Inc. v. YH Tech.*, 2007 U.S. Dist. LEXIS 8028, at *2 (N.D. Cal. Jan. 22, 2007) (noting that plaintiff, a sole proprietorship, was proceeding *pro se*).

1

Memorandum of Points and Authorities in Support of
Motion to Set Aside Entry of Default Pursuant to Fed. R. Civ. P. 55(c)

1

2

3

4

5

6

7

8

9

10

11

12

13

14 _____. (Decl. of Defendant ¶ 4.)

15     Defendant did not file a response to the lawsuit with the Court on time for

16 the following reasons: I DID NOT RECIEVE ANY MAIL NOTIFYING

17 ME THAT I HAD TO FILE AN ANSWER A SECOND TIME. I

18 never received the amended complaint.

19

20

21

22

23

24

25

26

27

28

1

2

3

4

_____. (Decl. of Defendant ¶

5

5.)     The following facts support Defendant's defenses to this lawsuit:

6

I FOUND IMAGES OF ALI LANDRY ON GOOGLE, WHICH

7

IS PUBLIC DOMAIN. THE IMAGE HAD NO WATERMARK

8

ON IT FOR COPYRIGHT. I PRINTED THE SAID IMAGE TO

9

GET IT AUTOGRAPHED AND BE SOLD AS AN AUTOGRAPHED PHOTO.

10

11

12

13

14

15

16

17

18

19

20

_____. (Decl. of Defendant ¶ 6.)

21

## III.   ARGUMENT

22

Federal Rule of Civil Procedure 55(c) provides that an entry of default may

23

be set aside upon a showing of good cause. Fed. R. Civ. P. 55(c). The Ninth

24

Circuit's good cause standard for setting aside entry of default is the same as that

25

for setting aside default judgment under Rule 60(b), but the test for setting aside

26

entry of default is less rigid and is more generous to the party in default.

27

*Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925

28

(9th Cir. 2004).

3

Memorandum of Points and Authorities in Support of
Motion to Set Aside Entry of Default Pursuant to Fed. R. Civ. P. 55(c)

The Court considers three factors when deciding whether to set aside default: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether setting aside default would prejudice the plaintiff. *Id.* at 925-26. In addition, "[t]he law does not favor defaults," and "therefore, any doubts as to whether a party is in default should be decided in favor of the defaulting party." *Bonita Packing Co. v. O'Sullivan*, 165 F.R.D. 610, 614 (C.D. Cal. 1995).

## A.    Defendant's Delay in Responding to the Lawsuit was Not Culpable.

In the Ninth Circuit, analysis of "culpability" for the purposes of demonstrating "good cause" under Rule 55(c) overlaps with the standard for "excusable neglect" under Rule 60(b)(1). *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001) (questioned on other grounds); *also see Meadows v. Dominican Republic*, 817 F.2d 517, 522 (9th Cir. 1987) (finding that the conduct of defendants in district court was culpable because defendants were aware of federal law, and their intentional failure to respond to the action was not excusable neglect). The Ninth Circuit finds a negligent failure to respond excusable if the defaulting party offers a credible, good-faith explanation for the delay that negates "any intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process." *Knoebber*, 244 F.3d at 697-98. Further, in analyzing culpability, the Court may consider a defendant's exigent personal matters, his mental state, and his lack of familiarity with legal matters. *See id.* at 699 (finding defendant's delay in response not culpable because she was grieving the death of her husband and was not familiar with the legal system).

//

1    While Defendant did not file a response with the Court in time, Defendant's
2    conduct was excusable because: _He never received the_
3    _amended complaint._
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1  Defendant had no intent to gain an advantage over the opposing party or to
2  delay legal proceedings.   As Defendant's delay in response was due to excusable
3  neglect, the Court should find that Defendant's conduct was not culpable.

4
5  **B.    Defendant Has a Meritorious Defense to the Lawsuit.**

6  A defense is considered meritorious if "there is some possibility that the
7  outcome of the suit after a full trial will be contrary to the result achieved by the
8  default." *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir.
9  1986).   All that is required is an assertion of "a factual or legal basis that is
10  sufficient to raise a particular defense; the question of whether a particular factual
11  allegation is true is resolved at a later stage." *Audio Toys, Inc.  v.  Smart AV Pty*
12  *Ltd.*, 2007 U.S.  Dist.  LEXIS 44078, *8 (N.D.  Cal.  June 6, 2007).
13  Defendant has the following defenses to this lawsuit:
14  *(Explain your defenses to the lawsuit and include supporting facts.)*
15
16  I HAVE MET MANY AUTOGRAPH COLLECTORS THAT TAUGHT
17  ME HOW TO DO THIS BUSINESS. I JUST FOLLOWED IN
18  THEIR FOOT STEPS. SELLING AUTOGRAPHED PHOTOS IS
19  A MULTI - MILLION DOLLAR BUSINESS. AND AS FAR AS I
20  KNEW THAT WHAT I DID LIKE EVERYONE ELSE WAS OK.
21
22
23
24
25
26
27
28

If Defendant prevails on these defenses, the outcome would be contrary to the result achieved by default.   Therefore, Defendant has set forth a meritorious defense and satisfies the second good cause factor.

**C.    Plaintiff Will Not Suffer Prejudice If Entry of Default Is Set Aside.**

Prejudice is determined by whether a party will be hindered in pursuing its claim.  *See Knoebber*, 244 F.3d at 701.   The fact that a party may be denied a quick victory is not sufficient to deny relief from default judgment.  *Bateman v. United States Postal Service*, 231 F.3d 1220, 1225 (9th Cir.  2000).   "The delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion."  *Audio Toys*, 2007 U.S. Dist.  LEXIS at *9.

1  Allowing the case to move forward on the merits after only a short delay
2  should not prejudice Plaintiff's ability to litigate its case.   The only prejudice that
3  might result to Plaintiff by a denial of default judgment is that Plaintiff will not be
4  able to ensure an easy victory.   As no prejudice will result to Plaintiff in
5  reopening this case, the third and final good cause factor is satisfied.
6       Defendant is ready and willing to litigate this lawsuit.   Defendant's delay
7  in responding was not culpable, Defendant has meritorious defenses, and Plaintiff
8  will not suffer any prejudice in pursuing its claims if default is set aside.
9  Therefore, Defendant has met the good cause standard of Rule 55(c) and this
10 Court should set aside the entry of default against him.

**IV.   CONCLUSION**

12     Based on the above reasons, this Court should grant Defendant's motion.

14 DATED: ____10|14|15____      By: ____Michael L. Medlin____
                                       (sign)

16                                    ____MICHAEL L. MEDLIN____
                                       (print name)

17                                    Defendant in Pro Per

8

Memorandum of Points and Authorities in Support of
Motion to Set Aside Entry of Default Pursuant to Fed. R. Civ. P. 55(c)