Adam I. Gafni, Cal. Bar No. 230045
Sascha Meisel, Cal. Bar No. 293841
**LAW OFFICES OF ADAM I. GAFNI**
2811 Wilshire Blvd., Suite 780
Santa Monica, California 90403
Tel: (424) 744-8344
Fax: (424) 488-1344
E-mail: adam@gafnilaw.com
E-mail: sascha@gafnilaw.com

Attorneys for Plaintiff, BARRY ROSEN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY ROSEN,<br><br>       Plaintiff,<br><br>vs.<br><br>MICHAEL "MIKE" MEDLIN DBA AFFORDABLE AUTOGRAPHS, AFFORDABLEAUTOGRAPHSHOLLYWOOD; HOLLYWOOD SHOW, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; AND DOES 1-10.<br><br>       Defendants. | Case No.: 2:15-cv-05789-ODW-JC<br><br>Assigned to the Honorable Otis D. Wright, II<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT MEDLIN'S MOTION TO SET ASIDE ENTRY OF DEFAULT**<br><br>HEARING DATE: November 16, 2015<br>TIME: 1:30 PM |

1

## I. INTRODUCTION

Mike Medlin, by his own admission in the Motion papers is one of many willful copyright infringers in the autograph dealing industry. He, like others that he is aware of, pay *nothing* for the rights to manufacture copies of and distribute what can only be the work of professional photographers. They obtain autographs of celebrities on the photographs and make a substantial profit in large part because they never pay *anything* to the rights holders of the images they copy and distribute. It is high time the autograph community learn that it cannot gorge itself on the copyrights of others.

Medlin's Motion to Set Aside Entry of Default on the First Amended Complaint (Dkt 35 & 36) (Motion) should be denied for the following reasons:

First, Medlin has violated local rule 7-3 by failing to meet and confer prior to filing this motion. Even if he had done so, which he has **not**, he filed it prematurely, 5 days before it is even is proper under the local rules. Simply put, Plaintiff had no understanding as to how or why Medlin would be seeking the requested relief or the opportunity to address such issues. Failure to comply with the local rule 7-3 alone warrants denying this Motion.

Second, setting aside whether Medlin received the First Amended Complaint or not[1], he is under the jurisdiction of the Court having answered the Original Complaint (Dkt 23) already and setting aside default here would be pointless where in the very Motion itself Medlin fully *admits* to willful copyright infringement under penalty of perjury:

---

[1] Medlin is ambiguous on the issue of whether he never received the Amended Complaint at all or did not "receive any mail notifying [him] that he had to file an answer for a second time." Dkt 36 at p. 5 lines 15-18. Rosen will assume for the purposes of this Motion that either due to clerical error or mail issues, Mr. Medlin did not receive the Amended Complaint.

2

> "I found images of Ali Landry on Google which is public domain. The image had no watermark on it for copyright. I printed the said image to get it autographed and be sold as an autographed photo.

Dkt 36, page 6 of 11 at lines 6-7. Since Medlin clearly has no defense to this matter and presents no facts supporting a defense in his Motion, Medlin cannot meet his burden on this critical element required to set aside entry of default.

Third, the default and this motion is only the latest in a string of willful violations of the rules and should not be excused by the Court, including the failure to timely answer the initial complaint. Additionally, Medlin not only failed to meet and confer prior to filing as noted above, but also has willfully refused to even speak with counsel for Plaintiff as well as participate in the Rule 26(f) conference.

Given this ongoing string of violations, failures, etc. by Medlin thus far, Plaintiff believes that should the Court even consider granting Medlins's motion, it will only be postponing the inevitable and will be dealing with some type of other dispositive motion by Plaintiff for other violations or failures within a matter of weeks.

Plaintiff requests that the Motion be denied and the default stand.

## II.   ARGUMENT

### A. Medlin's Violation of Rule 7-3 Warrants Denying the Motion.

Local Rule 7-3 requires that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution… The conference shall take place at least seven (7) days prior to the filing of the motion." This Court's specific orders also states "The pro per status of one or more parties does not negate this requirement."

Medlin was aware of these requirements but is intent upon not following them. Not only was the Motion *never discussed*, but Medlin had no intention of discussing the substance of the Motion and did not wait the requisite time to discuss the Motion.

Medlin called Plaintiff's counsel's office on October 14, 2015 at approximately 3:20 p.m. (Declaration of Adam I. Gafni, ¶ 1.) See Notice of Motion (Dkt 35 page 2 lines 8-9 (conference occurred on October 14, 2015)). Since lead counsel was not present in the office, Medlin left a message with an assistant stating that he was filing the motion to set aside entry of default paperwork after this phone call. He did not ask or otherwise leave a message for Plaintiff's counsel to return his call. *Id.* The Motion was filed that very same day. Dkt 35 & 36.

Medlin's willful failure to follow the rules warrants denying the Motion.

### B. Medlin Has Not Established Any Conceivable Plausible Defense to the Copyright Infringement Action and Has Admitted to Willful Copyright Infringement in the Motion Itself.

#### 1. The standard requires Medlin to present specific facts supporting a defense to the claims in the action.

Under Fed. Rule Civ. P. 55(c), a court may set aside an entry of default for "good cause." Fed. Rule Civ. P. 55(c). The standards for setting aside a default under Fed. Rule Civ. P. 55(c) are "essentially the same as the standard for vacating a default judgment under Rule 60(b)." *Chrysler Credit Corp. v. Macino*, 710 F.2d 363, 367 (7th Cir. 1983); see also *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925 (9th Cir. 2004).

When considering whether to grant a motion to set aside a default courts are encouraged to utilize the list of grounds for relief provided for in Fed. Rule Civ. P. 60(b). *TCI Group Life Ins., Plan v. Knowebber*, 244 F. 3d 691, 696 (9th Cir. 2001).

A court will not disturb a default if three factors are present: (1) it was the defendant's culpable conduct that led to the default; (2) the defendant has no meritorious defense; and (3) the plaintiff would be prejudiced if the default was set aside. *Alan Neuman Prods., Inc. v. Albright*, 862 F. 2d 1388, 1392 (9th Cir. 1988); *TCI Group Life Ins. Plan,* 244 F. 3d at 696; *Franchise Holding II*, LLC, 375 F. 3d at 926. As noted in *In re Hammer*, "this tripartite test is disjunctive." *In re Hammer*, 940 F. 2d 524, 526 (9th Cir. 1991) quoting *Cassidy v. Tenorio*, 856 F. 2d 1412, 1415 (9th Cir. 1988).

The defaulting party bears the burden of showing that the three factors favor setting aside the default. *Franchise Holding II, LLC*, 375 F. 3d at 926; *TCI Group*, 244 F. 3d at 697; *Facebook, Inc. v. Grunin*, U.S. Dist. LEXIS 153948, 5 (N.D. Cal. Oct. 30, 2014). Thus, where a defaulting defendant fails to satisfy **any one** of the three factors, a court may deny their motion to set aside the default. *Franchise Holding II, LLC*, 375 F. 3d at 926.

Where a defendant seeks to vacate a default, it <u>must</u> present specific facts to support any meritorious defense, a general denial will not support it. *TCI* 244 F. 3d at 700; *Madsen v. Bumb*, 419 F. 2d 4, 6 (9th Cir. 1969); *Franchise Holding II, LLC*, 375 F.3d at 926. "If, however, the defendant presents no meritorious defense, then nothing but pointless delay can result from reopening the judgment. *See Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986)." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001); *United States v. One 1997 Honda Civic*, 2007 U.S. Dist. LEXIS 79867 (W.D.N.Y. Oct. 29, 2007) (denying motion to set aside default based upon unsupported statements do not establish meritorious defense). A meritorious claim or defense is a precondition to relief. *See, e.g., Pease v. Pakhoed Corp.*, 980 F.2d 995, 998 (5th Cir. 1993) ("It is well established that Rule 60(b) requires the movant to demonstrate a meritorious cause of action [or defense]." *Id.*

## 2. Medlin has not established a meritorious defense because he admitted to liability in this matter in his Motion.

Medlin has admitted to finding or otherwise obtaining the Ali Landry images at issue online, not obtaining a license, and then making copies of the image for Ali Landry to sign. This is classic copyright infringement as Medlin did not obtain a license to download the images, much less make actual physical copies of an image that he did not license. That Medlin found images through a "Google search" does not provide any defense to liability. What's more, it is reckless disregard of the rights of others making it willful.

Every Google Image search contains the following disclaimer "Images may be subject to copyright." Gafni Decl., Exh. 5. Further, Google's terms and conditions explicitly warn about using images found through Google:

> "How do I get permission to use someone else's song, images or footage? If you plan to include copyright-protected material in your work, you may need to seek permission to do so first. Google cannot grant you these rights and we are unable assist you in finding and contacting the parties who may be able to grant them to you. This is something *you'll have to research and handle on your own or with the assistance of a lawyer.*"
> https://support.google.com/legal/answer/4558836?hl=en&ref_topic=4558877

> "*Using our Services does not give you ownership of any intellectual property rights in our Services or the content you access. You may not use content from our Services unless you obtain permission from its owner* or are otherwise permitted by law. These terms do not grant you the right to use any branding or logos used in our Services. Don't remove, obscure, or alter any legal notices displayed in or along with our Services."
> https://www.google.com/intl/en/policies/terms/

It should also be noted that Medlin has clearly contradicted himself as he has now admitted to making the prints in question, even though he denied doing so in his answer to Plaintiffs initial complaint (See Dkt 1 page 5, ¶ 19-21("Plaintiff is informed and believes that the print was made by Defendants in violation of

Plaintiffs registered copyright…"); Dkt 23 page 1 line 24 (denying paragraph 19-21)).

Therefore, the Court should deny the Motion and allow this matter to proceed by way of default judgment.

### C. Medlin's Repeated Violation of Basic Rules Warrants Default Itself.

Medlin has blatantly refused to participate in this matter, including refusing on numerous occasions to participate in the required meeting of counsel pursuant to Rule 26f. As detailed in the accompanying Declaration of Adam I. Gafni, Medlin refuses to speak with Plaintiff's counsel and states that he will only do so with counsel present, yet he is Pro Per and therefore is his own council. This situation is simply untenable and has already caused a dramatic increase in the burden of bringing this basic action beyond that which should be required.

### III. CONCLUSION

Should Medlin be allowed to continue with the case, the only outcome will be that the court will have to address the matter again within just a few weeks when Plaintiff files a dispositive motion based on Medlin's ongoing failures.

Dated: October 26, 2015          LAW OFFICES OF ADAM I. GAFNI

                                 By: /s/ Adam I. Gafni

                                 Adam I. Gafni
                                 Attorneys for Plaintiff
                                 Barry Rosen