Adam I. Gafni, Cal. Bar No. 230045
Sascha Meisel, Cal. Bar No. 293841
**LAW OFFICES OF ADAM I. GAFNI**
2811 Wilshire Blvd., Suite 780
Santa Monica, California 90403
Tel: (424) 744-8344
Fax: (424) 488-1344
E-mail: adam@gafnilaw.com
E-mail: sascha@gafnilaw.com

Attorneys for Plaintiff, BARRY ROSEN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY ROSEN, | Case No.: 2:15-cv-05789-ODW-JC |
| Plaintiff, | |
| vs. | Assigned to the Honorable Otis D. Wright, II |
| MICHAEL "MIKE" MEDLIN DBA AFFORDABLE AUTOGRAPHS, AFFORDABLEAUTOGRAPHSHOLLYWOOD; HOLLYWOOD SHOW, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; AND DOES 1-10. | **JOINT RULE 26(f) REPORT** |
| Defendants. | |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:** Pursuant to Federal Rule of Civil Procedure 26(f) and this Court's order Requiring Joint Status Report, Plaintiff BARRY ROSEN and Defendant HOLLYWOOD SHOW, LLC, a California Limited Liability Company, jointly submit this Status Report. Defendant MIKE MEDLIN refused to participate in the conference of counsel and is currently in default.

## I.      RULE 26(f) JOINT REPORT

(Per Rule 26(f) and this Court's Order Requiring Joint Status Report)

**A. Statement of the Case**

<u>Plaintiff's Position:</u> This is a direct and secondary copyright infringement action brought by Plaintiff, Barry Rosen, a professional photographer, who discovered Defendant MICHAEL "MIKE" MEDLIN dba AFFORDABLE AUTOGRAPHS, AFFORDABLEAUTOGRAPHSHOLLYWOOD ("Medlin") made unauthorized prints of his copyrighted Photographs so that he could obtain the featured celebrities' autograph on the prints and then sell them at substantial markup at events, including, the Hollywood Show an event in Los Angeles hosted or otherwise operated by Defendant Hollywood Show, LLC.  Medlin uploaded, copied, displayed, and distributed his copyrighted Photographs on eBay and even after being informed of the infringing activity through eBay, he continued to infringe by displaying and selling the works at the Hollywood Show. The Hollywood Show is liable under secondary infringement theories because, inter alia it operates the venue/event where rampant infringement has long been known to occur (including by its now former principal Samuel Kevin Martin, an adjudicated willful copyright infringer), and it knew that Medlin in particular was a copyright infringer and did nothing to stop infringing activities as well as derives a substantial economic benefit from the infringing activities at the show.

**JOINT RULE 26(f) REPORT**                                              2:15-CV-05789-ODW-JC

<u>Defendant Hollywood Show's Position:</u>

Hollywood Show has been brought into this action as a defendant for secondary copyright infringement (vicarious and contributory) due to alleged sales of two of Plaintiff's copyrighted photographs by a vendor Defendant Michael Medlin.  Hollywood Show has no evidence or knowledge that Michael Medlin was in possession of said copyrighted photographs, brought the photographs to the Hollywood Show, or sold such photographs at the Hollywood Show.  Hollywood Show also lacked any notice or knowledge of potential infringers, including Mike Medlin to be selling infringing photographs or other materials at the show. Furthermore, Hollywood Show is seeking indemnity from Mike Medlin via a cross-complaint that has been filed concurrently with its answer.

<u>Defendant Medlin's Position:</u>

Medlin refused to participate in the conference, but has now admitted in court filings that he made the unauthorized photographic prints in question.

**B.  Subject Matter Jurisdiction**

This action arises under the provision of the Copyright Act of the United States, as amended, 17 U.S.C. § 101 et.seq., and is for infringement of copyrights registered in the Copyright Office of the United States. Therefore, this Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and § 1338(a).

**C.  Legal Issues**

This is a copyright infringement case. Plaintiff believes that the key legal issues are the ownership of the copyrights in question, the date of registration of the copyrighted images, damages, Defendant Hollywood Show's knowledge of the infringing activity, contributing actions to the infringing activity, and their ability to control said activity and derive a direct financial benefit therefrom.

**JOINT RULE 26(f) REPORT**                                     2:15-CV-05789-ODW-JC

**D. Discovery Plan**

    1. <u>Discovery Subjects</u>:

        The parties' preliminary assessment is that discovery may be required on, but not limited to:

        a) The allegations in the complaint and any responsive documents;

        b) Evidence of the copyrights allegedly infringed;

        c) Defendants' response to notice of infringement;

        d) All affirmative defenses raised in the Answer

        e) Factors relating to damages, including but not limited to statutory damages;

        f) Knowledge of the infringing activities at the show;

        g) Ongoing business practices that involve/involved intentional, purposeful, or with reckless disregard for or indifference to Plaintiff's rights;

        h) Revenue and profits from the show and/or use and display of the infringing images;

        i) Evidence that Mike Medlin was in possession of the copyrights allegedly infringed and sold such copyrights at the Hollywood Show.

        j) Right to control and supervise all vendors at the Hollywood Show.

    2. <u>Discovery cut-off</u>

    The parties propose that non-expert discovery be completed in May 27, 2016. Should the parties intend to retain any testifying experts, all mandatory disclosures for such experts shall be made as follows: initial reports in June 18, 2016 and any rebuttal reports in July 18, 2016.

**E. Motions**

        Plaintiff anticipates filing a motion for summary judgment against Defendant Medlin.  Hollywood Show anticipates to be filing a motion for summary

judgment against Plaintiff, Barry Rosen.  The parties propose a June 9, 2016 filing deadline for all dispositive motions.

**F. Settlement**

Plaintiff and Defendant Hollywood Show have engaged in extensive settlement discussions, which have broken down. Defendant Medlin refuses to engage in settlement discussions with Plaintiff although settlement demand was made by Plaintiff. The Parties select ADR Procedure No. 2 – to mediate via the Courts ADR program (neutral panel).

**G. Trial Estimate**

The parties estimate that time for trial will be 4 days. The parties have requested a trial by jury. Parties propose the Final Pretrial Conference occur on August 11, 2016 and the trial occur in August 25, 2016.

**H. Additional Parties**

Plaintiff may name the additional defendants Westin LAX hotel and/or Samuel Kevin Martin, depending on what discovery reveals.

**I. Other Issues**

Defendant Medlin is currently in default. Medlin has refused to participate in the Rule 26(f) conference and has filed a Motion to Set Aside Entry of Default which is set for hearing on November 16, 2015 at 1:30 pm. Plaintiff has filed an Opposition to the Motion. Medlin further refuses to speak with Plaintiff's counsel regarding any issue in this matter.

**J. Proposals Regarding Severance, Bifurcation, or Other Ordering of Proof**

N/A

**K. Amended Pleadings**

Plaintiff intends to file a second amended complaint once discovery reveals further information.

**JOINT RULE 26(f) REPORT**                                             2:15-CV-05789-ODW-JC

**L. Issues Which May Be Determined By Motion**

Plaintiff believes that the direct liability claims against Defendant Medlin should proceed by way of default judgment for willful direct copyright infringement. If default is set aside, Plaintiff intends to file a motion for summary judgment as to Medlin. Plaintiff also intends to file a motion for summary judgment as to Defendant Hollywood Show.  Plaintiff requests that he be allowed to file separate motions as the motion against Medlin can be filed at the very early stages now that he has admitted to willfully copying Plaintiff's images without license while Plaintiff anticipates filing such Motion against the Hollywood Show at a later date.

Defendant intends to file a motion for summary judgment against Plaintiff.

**M. Summary of Proposed Dates**

| Event | Joint  Proposed Dates |
|---|---|
| Last Day to File Amended Complaint | February 1, 2016 |
| Discovery Cut-Off | May 27, 2016 |
| Last Day to file dispositive motions | June 9, 2016 |
| Initial Expert Report | June 18, 2016 |
| Rebuttal Expert Report | July 1, 2016 |
| Expert Discovery Cut-Off | July 15, 2016 |
| Final Pre-Trial Conf. | August 11, 2016 |
| Jury Trial | August 25, 2016 |

**JOINT RULE 26(f) REPORT**                    2:15-CV-05789-ODW-JC

Respectfully submitted,


DATED: October 30, 2015            LAW OFFICES OF ADAM I. GAFNI


                                   By:  /s/ Adam I. Gafni
                                   Adam I. Gafni
                                   Attorneys for Plaintiff
                                   Barry Rosen


DATED: October 30, 2015            NORTON AND MELNIK


                                   By:    /s/ Geoffrey P. Norton
                                   Geoffrey P. Norton
                                   Attorneys for Defendant
                                   Hollywood Show, LLC

**JOINT RULE 26(f) REPORT**                              2:15-CV-05789-ODW-JC