Adam I. Gafni, Cal. Bar No. 230045
Sascha Meisel, Cal. Bar No. 293841
**LAW OFFICES OF ADAM I. GAFNI**
2811 Wilshire Blvd., Suite 780
Santa Monica, California 90403
Tel: (424) 744-8344
Fax: (424) 488-1344
E-mail: adam@gafnilaw.com
E-mail: sascha@gafnilaw.com

Attorneys for Plaintiff, BARRY ROSEN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY ROSEN,<br><br>        Plaintiff,<br><br>vs.<br><br>MICHAEL "MIKE" MEDLIN DBA AFFORDABLE AUTOGRAPHS, AFFORDABLEAUTOGRAPHSHOLLYWOOD; HOLLYWOOD SHOW, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; AND DOES 1-10.<br><br>        Defendants.<br><br>HOLLYWOOD SHOW, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY,<br><br>        Counter-Claimant,<br><br>    vs. | Case No.: 2:15-cv-05789-ODW-JC<br><br>Assigned to the Honorable Otis D. Wright, II<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE THE ANSWER OF HOLLYWOOD SHOW, LLC**<br><br>Date: December 21, 2015<br>Time: 1:30 p.m.<br>Courtroom 11 |

**1**

BARRY ROSEN,

        Counter-Defendant.

**TO ALL PARTIES, AND THEIR ATTORNEY'S OF RECORD:**

**PLEASE TAKE NOTICE** that on **December 18, 2015** at **1:30 p.m.**, or as soon thereafter as this matter may be heard by the Honorable Otis D. Wright, II of the above-entitled Court located at 312 North Spring St, Los Angeles, Courtoom 11, California, Plaintiff BARRY ROSEN, will and hereby does move this Court for an order striking Defendant HOLLYWOOD SHOW, LLC's third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, fifteenth, eighteenth, and twenty-first affirmative defenses in its Answer to the Complaint (Dkt 40) without leave to amend.

    This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on or about November 6, 2015.

    This Motion is supported by the attached Memorandum of Points and Authorities filed herewith, the pleadings and court records on file, and all other evidence as may be presented to this Court at the hearing or otherwise.

Dated: November 20, 2015　　　　　　LAW OFFICES OF ADAM I. GAFNI

                                                    By: <u>/s/ Adam I. Gafni</u>
                                                    Adam I. Gafni
                                                    Attorneys for Plaintiff/Counter-defendant
                                                    Barry Rosen

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND OVERVIEW OF PROCEDURAL HISTORY

Defendant HOLLYWOOD SHOW LLC (hereinafter collectively referred to as "Defendant" or "Hollywood Show"), filed their Answer to First Amended Complaint and Demand for Jury Trial ("Answer"), which contains a number of "Affirmative Defenses" on pages 10 through 16 of the Answer. (Dkt. No. 40.) Defendant asserts twenty-three (23) affirmative defenses in its Answer, *all of which* are completely unsupported by factual allegations. Plaintiff moves here, pursuant to Fed. R. Civ. P. 12(f) to strike fourteen (14) of these defenses. Plaintiff moves to strike Defendant's third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, fifteenth, eighteenth, and twenty-first affirmative defenses. Many of these affirmative defenses are immaterial to the action and none are pled sufficiently to give Plaintiff fair notice.

The initial Complaint in this matter was filed on July 30, 2015, with Michael Medlin as the only named defendant and alleging the infringement of one (1) of Plaintiff's copyrighted images. (Dkt. No. 1.) On September 10, 2015, the First Amended Complaint was filed adding Hollywood Show as a defendant and alleging infringement of a second of Plaintiff's copyrighted images. (Dkt. No. 25.)

Plaintiff's First Amended Complaint is well-pled and asserts a cause of action of direct copyright infringement against Defendant MICHAEL "MIKE" MEDLIN and secondary copyright infringement (contributory and vicarious) against Defendant Hollywood Show. This is a straight-forward copyright infringement case in which Defendant Medlin copied, distributed, publicly displayed, and sold Plaintiff's copyrighted images and Defendant Hollywood Show allowed him to do so on the premises of their celebrity autograph event/show with the knowledge that Defendant Medlin was infringing Plaintiff's copyrights.

All of Defendant's affirmative defenses consist either of bare statements of statutes and/or legal doctrines or conclusions, or allegations that are wholly irrelevant to the

causes of action alleged in the Complaint. They are thus all insufficient or immaterial allegations which should be stricken from Defendant's answer.

## II. LEGAL ARGUMENT

Under Rule 12(f) of the Federal Rules of Civil Procedure, the "Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial…" *Sidney-Vinstein v. A.H. Robins Co.*, 697 F. 2d 880, 885 (9th Cir. 1983). The Ninth Circuit has defined "immaterial" matter as "that which has no essential or important relationship to the claim for relief or the defenses being pled." *Fantasy Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (overruled on other grounds in *Fogerty v. Fantasy Inc.*, 510 U.S. 517 (1994).

When considering a motion to strike, the court views the challenged pleadings in the light most favorable to the non-moving party. *Seaboard Int'l, Inc. v. Cameron Int'l Corp.*, 1:13-CV-00287-MLH-SKO, 2013 U.S. Dist. LEXIS 106784, *7 (E.D. Cal. July 30, 2013). "[A]n affirmative defense is legally insufficient only if it clearly lacks merit 'under any set of facts the defendant might allege.'" *Id*. at *8 (citations omitted.) The sufficiency of pleading an affirmative defense is whether it gives the plaintiff fair notice of the defense. *Wyshak v. City Nat'l Bank*, 607 F. 2d 824, 826 (9th Cir. 1979); *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1048-49 (N.D. Cal. 2004).

Rule 8(b), governs pleading standards for a complaint and pleading standards for affirmative defenses. *Qarbon.com Inc.*, 315 F. Supp. 2d at 1049. The court has discretion whether to grant a portion of a party's pleading. *Savage v. Citibank N.A.*, 14-cv-03633-BLF, 2015 U.S. Dist. LEXIS 107501, *4 (N.D. Cal. Aug. 14, 2015). While the Rule 8 "pleading standard does not require extensive, detailed factual allegations, bare statements reciting mere legal conclusions are insufficient." *Perez v. Gordon & Wong Law Group, P.C.*, 11-CV-03323-LHK, 2012 U.S. Dist. LEXIS 41080, *35 (N.D. Cal.

March 26, 2012). Defendant must at least present Plaintiff with "some identifiable fact that if applicable to [Plaintiff] would make the affirmative defense plausible on its face." *Id*. (quoting *Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010) (alteration in original))).

District courts in California apply the Twombly-Iqbal pleading standard to affirmative defenses. *Gordon & Wong*, 2012 U.S. Dist. LEXIS 41080 at *20 ("The defendant bears the burden of proof on an affirmative defense, in the same way that the plaintiff bears the burden of proof on a claim for relief."); see *Kelly More Paint Co. v. Nat'l Union fire Ins. Co.*, 14-cv-01797-MEJ, 2014 U.S. Dist. LEXIS 148064, *9 (N.D. Cal. Oct. 17, 2014) (The court is persuaded by the reasoning of the many other courts that have applied the heightened pleading standard to affirmative defenses."); *Barnes*, 718 F. Supp. At 1172 ("Rule 8's requirements with respect to pleading defenses in an answer parallels the Rule's requirements for pleading claims in a complaint.").  Even courts that do not apply this heightened pleading standard nevertheless routinely dismiss affirmative defenses where they are, as they are here, wholly lacking in factual support. An affirmative defense may not simply state a legal conclusion, it must be supported by facts explaining how the defense connects to the instant case. *PepsiCo, Inc. v. J.K. Distribs.*, 8:07-cv-00657-FMC-CTx, 2007 U.S. Dist. LEXIS 74489, *5 (C.D. Cal. Sept. 14, 2007). Without supporting facts, such an unsupported defense will not withstand a motion to strike. *Id*.

The Affirmative Defenses Pled by Hollywood Show do not meet this standard.

**A. <u>Third Affirmative Defense – Copyright is Not Protectable; Copyrights Were Developed By Others than Plaintiff; Copyrights Are in the Public Domain</u>**

The affirmative defenses raised here are far too general to give the Plaintiff fair notice of the defenses asserted. They consist of bare accusations without so much as a whisper of a fact and are wholly inadequate to serve as a defense. The Plaintiff is left to

his own devices, shaking his head, as to why this material would not be protectable, why it is not original, who or what the other entities are who developed the material, or why Defendant thinks any of the material would be in the public domain. Defendant here "simply lists a series of conclusory statements asserting the existence of an affirmative defense without stating a reason why that affirmative defense might exist." *Barnes*, 718 F. Supp. 2d at 1172. Without a crumb of a fact on which Plaintiff could base his response this affirmative defense fails to give fair notice and must be stricken.

### B.  Fourth Affirmative Defense – Fraud or Deception in the Copyright Registration Process

Fraud is subject to the heightened pleading requirements of Rule 9(b), which requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. Rule 9(b). Pleading with "particularity" means that the allegations of fraud "must be accompanied by the 'who, what, when, where, and how' of the misconduct charged." *Cobra Sys. V. Accuform Mfg., Inc.*, 2:13-cv-5932-ODW (JEMx), 2014 U.S. Dist. LEXIS 4724, *5 (C.D. Cal. Jan. 14, 2014) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F. 3D 1097, 1103-06 (9th Cir. 2003)).

Defendant does not allege any facts regarding the alleged "fraud or deception in the copyright registration process." Although the 'who' is alleged, the defense is wholly lacking on the 'what,' 'when,' 'where,' and 'how.' This affirmative defense fails to meet the heightened pleading requirement and therefore to give Plaintiff fair notice. Plaintiff cannot prepare a defense to this allegation without any knowledge of the facts Defendant is relying on to assert it and the defense should be stricken.

### C. Fifth Affirmative Defense – Copyright Misuse

This affirmative defense provides Plaintiff no notice upon which he can prepare a response to this claim. It does not state how Plaintiff purportedly misused his copyrights or any nexus between any misconduct and defendant's infringing acts. *Microsoft Corp. v. Computer Support Servs. of Carolina, Inc.*, 123 F. Supp. 2d 945, 955 (W.D.N.C. 2000)

("A copyright abuse defense is a species of the equitable defense of unclean hands, which requires a defendant to show a nexus between the plaintiff's purported misconduct and the defendant's infringing acts.") *See, Rimini St., Inc. v. Oracle Int'l Corp.,* 2015 U.S. Dist. LEXIS 89295 (D. Nev. July 9, 2015)(granting motion to strike Copyright misuse claim where failing to allege *facts* supporting such a claim).

### D. Sixth Affirmative Defense – Violation of the Sherman Act, Clayton Act, or the Cartwright Act

The affirmative defenses that Plaintiff may have violated the Sherman Act, the Clayton Act, or the Cartwright Act are immaterial to this action and are so vague as to not put Plaintiff on fair notice of the defense. Each of the three 'Acts' is extensive antitrust legislation compromising numerous sections. Defendant here fails to even state which section of the listed Acts he is alleging Plaintiff violated. Further, to adequately state a claim under the Sherman Act, a claimant must "adequately define a relevant product market and an antitrust injury." *Carell v. Shubert Org., Inc.*, 104 F. Supp. 3d 236, fn 24 (S.D.N.Y. 2000) (the court dismissed plaintiff's claim of a Sherman Act violation because she did not adequately plead the two necessary elements). Moreover, there are no facts tying purported violations with defendant's alleged infringing conduct. *Central Benefits Mut. Ins. Co. v. Blue Cross & Blue Shield Ass'n*., 711 F. Supp. 1423, 1434 (S.D. Ohio 1989) ("Only a party who is directly and adversely affected by the alleged antitrust violations can raise the antitrust defense against claims of trademark infringement."). Under such circumstances, Plaintiff cannot be deemed to have fair notice of this defense. *See, Synopsys, Inc. v. Atoptech, Inc.,* 2015 U.S. Dist. LEXIS 104763, Copy. L. Rep. (CCH) P30,805, 2015-2 Trade Cas. (CCH) P79,264 (N.D. Cal. Aug. 7, 2015)(striking anti-trust affirmative defense)

### E. Seventh Affirmative Defense – Failure to Properly Mark Copyright and Give Defendant Notice

Defendant's reference to the necessity of notice in a copyright claim is out of

date. "The omission of notice does not affect copyright protection, and no corrective steps are required if the work was published on or after March 1, 1989." United States Copyright Office, Circular 3, Copyright Notice, "Omission of Notice and Errors in Notice," p 5. This defense is inapplicable to any of the works at hand and to any copyright infringement claim of work published in the last 25 years. Additionally, Defendant has failed to provide any facts in support of this affirmative defense asserting Plaintiff's work was published before 1989 (which it was not). This affirmative defense should be stricken from Defendant's Answer.

### F.  Eighth Affirmative Defense – Acquiescence, Estoppel, Waiver

The eighth affirmative defense asserts the doctrines of acquiescence, estoppel, or waiver. Defendant, however, does not state what type of estoppel Plaintiff engaged in or what rights are being waived. Defendant offers Plaintiff and the Court no factual basis for such an affirmative defense. *Racick v. Dominion Law Assocs.*, 270 F.R.D. 228, 237 (E.D.N.C. 2010) (grating motion to dismiss affirmative defense of doctrines of laches, waiver, and/or estoppel because it fails to meet the notice pleading requirements as it is a bare legal conclusion); *Qarbon.com Inc.*, 315 F. Supp. 2d 1046 at 1049-50 (striking the defenses of waiver, estoppel and unclean hands when Defendant gave general allegations insufficient to give fair notice and failed to provide any factual basis for the defenses).

Plaintiff cannot possibly be on fair notice of the defenses here that Defendant intends to pursue. Moreover, with respect to the affirmative defense of waiver, the Defendant is required to show that the Plaintiff intentionally relinquished or abandoned a known right. *United States v. Perez*, 116 F. 3d 840, 845 (9th Cir. 1997). With no facts forthcoming with respect to the alleged waiver Defendant here is simply stating a legal doctrine, which is insufficient both to give Plaintiff fair notice and to withstand a motion to strike. Defendant also does not set out the elements of the affirmative defenses it claims, which may be sufficient to place Plaintiff on notice. *Sun Microsystems v. Dataram Corp.*, 96-20708 SW, 1997 U.S. Dist. LEXIS 4557, *11-12 (N.D. Cal. Feb. 4,

1997). Therefore these defenses should be stricken from Defendant's Answer.

### G. Ninth Affirmative Defense - Laches

The Supreme Court recently said that, "[l]aches, we hold, *cannot be invoked* to preclude adjudication of a claim for damages brought within the three-year window" of the limitations period for an action in copyright. *Petrella v. MGM*, 134 S. Ct. 1962, 1968 (2014) (emphasis added). Plaintiff only pled, and is only requesting relief for, Defendant's infringing conduct that occurred "within the last three years." (Dkt. No. 25, First Amended Complaint, ¶ 29.) Not only is this affirmative defense not pled with any facts to put Plaintiff on fair notice, but it is an immaterial defense to the copyright infringement alleged as Plaintiff is not claiming damages outside of the limitations window. This affirmative defense should be stricken.

### H. Tenth Affirmative Defense – Implied Grant (of License)

Again, Defendant asserts this affirmative defense without a single fact to support its contention leaving Plaintiff without fair notice. As with all the previous defenses, Plaintiff cannot prepare a proper response to this defense if they are not afforded so much as a scrap of evidence from Defendant. Plaintiff is astounded that Defendant could in good-faith assert this defense as it is clear from the Complaint that Plaintiff did not, by any of his conduct, statements, or actions impliedly grant Defendant any license to use, reproduce, distribute, or otherwise use his copyrighted photographs. The Complaint states the opposite, Plaintiff contends Hollywood Show was on notice that Defendant Mike Medlin had previously infringed Plaintiffs works at their events and yet continued to allow him to participate in their events. (Dkt. No. 25, First Amended Complaint, ¶¶ 43, 45, 48.) This defense is unsupported by any facts, does not put Plaintiff on fair notice, and should be stricken.

### I. Eleventh Affirmative Defense – Unclean Hands

The eleventh affirmative defense states the affirmative defense of unclean hands, but does not give any grounds for the defense. This defense fails to allege sufficient facts

to put Plaintiff on fair notice of the defense. This defense has no relation to the claims asserted in this case as unclean hands is a defense in equity, of which this matter is not. "Simply stating that a claim fails due to plaintiff's 'unclean hands' is not sufficient to notify the plaintiff *what* behavior has allegedly given them 'unclean hands.'" *CTF Dev., Inc. v. Penta Hospitality, LLC*, 2009 U.S. Dist. LEXIS 99538, *22 (N.D. Cal. Oct. 26, 2009.) Defendant identifies no conduct of Plaintiff's that would provide a basis for an unclean hands defense. Plaintiff is deprived of fair notice when he cannot ascertain any grounds for which Defendant claims a defense. *Gordon & Wong*, 2012 U.S. Dist. LEXIS 41080 at *37. This defense is thus insufficiently pled and should be stricken from Defendant's answer.

### J. Twelfth Affirmative Defense – Defendant was Privileged and Justified

Defendant contends that it was privileged and justified in acting as it did for "business purposes in the marketplace." Defendant, as with all their affirmative defenses, offers no factual basis for why they believe this to be so. Moreover, privilege and justification are not proper defenses to a copyright action. This defense bears no relation to the claims asserted in this case. As pled, this defense does not give Plaintiff fair notice and should be stricken from Defendant's answer.

### K. Thirteenth and Fifteenth Affirmative Defenses – Rule 19 Violations

Defendant asserts that Plaintiff failed to name necessary parties to the case, yet does not identify a single party it believes is required to be joined. It is not enough to refer to a statute without supporting facts showing its applicability. *Qarbon*, 315 F. Sup.. 2d at 1049 ("Defendant's general reference to a series of statutory provisions…does not provide plaintiff with fair notice of the basis of this defense." quoting *Advanced Cardiovascular Sys. V. Scimed Sys.*, C-96-0950 DLJ, 1996 U.S. Dist. LEXIS 11702, *7-8 (N.D. Cal. Feb. 27, 2004). The lack of facts in this defense is specifically ridiculous as Plaintiff cannot even begin to have fair notice without so much as a name from Defendant about who the party is that should have been joined. This defense should be

stricken from Defendant's Answer.

### L. Eighteenth Affirmative Defense – Negligence About Matters in Complaint

Defendant offers Plaintiff and the Court no factual basis for which it asserts Plaintiff was negligent in matters alleged in the Complaint. This defense is not an applicable defense to a copyright cause of action. Regardless, Defendant does not allege any facts on which Defendant bases their defense or that Plaintiff can respond. This defense should be stricken.

### M. Twenty-Frist Affirmative Defense – Failure to Plead Sufficient Facts to Support Recovery of Statutory Damages

Defendant does not give any facts to support this defense. Furthermore, no additional facts would be needed to support this defense, all Defendant needed to do was point to facts in the Complaint it thought supported this defense. The well-pled Complaint does state sufficient facts to support a recovery of statutory damages if Plaintiff elects statutory damages. As this time, Plaintiff has not elected actual or statutory damages. Furthermore, the Complaint states that at the time of infringement the copyrights were registered with the Copyright Office. (Dkt. No. 26, FAC ¶ 25.) This defense does not give Plaintiff fair notice and should be stricken from the Answer.

## III. CONCLUSION

All of the above listed affirmative defenses are asserted as a bare statement of A legal doctrine without any attendant facts as to why they apply to this action. Many of the asserted affirmative defenses are immaterial to the action and none of them withstand the minimal burden placed on Defendant when asserting affirmative defenses to put Plaintiff on fair notice of the defense. For the foregoing reasons, Plaintiff requests that each of these defenses be stricken.

///

**11**

Respectfully submitted,

Dated: November 20, 2015                    LAW OFFICES OF ADAM I. GAFNI


                                            By:  /s/ Adam I. Gafni
                                            Adam I. Gafni
                                            Attorneys for Plaintiff/Counter-defendant
                                            Barry Rosen