Adam I. Gafni, Cal. Bar No. 230045
Sascha Meisel, Cal. Bar No. 293841
**LAW OFFICES OF ADAM I. GAFNI**
2811 Wilshire Blvd., Suite 780
Santa Monica, California 90403
Tel: (424) 744-8344
Fax: (424) 488-1344
E-mail: adam@gafnilaw.com
E-mail: sascha@gafnilaw.com

Attorneys for Plaintiff, BARRY ROSEN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY ROSEN,<br><br>          Plaintiff,<br><br>vs.<br><br>MICHAEL "MIKE" MEDLIN DBA AFFORDABLE AUTOGRAPHS, AFFORDABLEAUTOGRAPHSHOLLYWOOD; HOLLYWOOD SHOW, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; AND DOES 1-10.<br><br>          Defendants.<br><br>HOLLYWOOD SHOW, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY,<br><br>          Counter-Claimant,<br><br>vs. | Case No.: 2:15-cv-05789-ODW-JC<br><br>Assigned to the Honorable Otis D. Wright, II<br><br>**COUNTER-DEFENDANT BARRY ROSEN'S ANSWER TO DEFENDANT HOLLYWOOD SHOW, LLC'S COUNTERCLAIM AND DEMAND FOR JURY TRIAL** |

**1**

BARRY ROSEN,

        Counter-Defendant.

COMES NOW Plaintiff/Counter-Defendant BARRY ROSEN (hereinafter "Rosen" or "Counter-defendant"), to answer Defendant and Counter-claimant HOLLYWOOD SHOW LLC'S (hereinafter "Hollywood Show" or "Counter-claimant) Counterclaim:

## **COUNTERCLAIM FOR DECLARATION OF NONINFRINGEMENT AND SCOPE OF COPYRIGHT**

1. Counter-defendant admits that this Counterclaim is brought under Fed. R. Civ. P. Rule 13 and the allegations in Paragraph 1 of the Counterclaim that the controversy between Rosen and Hollywood Show concerning the alleged infringement is ongoing. Counter-defendant denies the allegations in Paragraph 1 of the Counterclaim that there has ever been a dispute between Hollywood Show and Rosen concerning the *scope* of the copyrights asserted in this action. Rosen re-asserts here that he owns all copyrights in the photographs at issue in this case. ((Dkt. No. 25, First Amended Complaint ("FAC"), ¶ 15) ("…[Rosen] created the two (2) photographic works at issue…the Photographs consist of material original with [Rosen] and are copyrightable subject matter. [Rosen] is the owner of all rights, title, and interest in the Photographs.")[1] There is no controversy as to the scope of copyright in that Defendant Michael Medlin admits that he printed Counter-defendant's photographs off of Google and then re-sells/resold them. (Dkt. No. 36, ¶ 5.) To the extent these allegations assume any controversy in excess of what is alleged in the FAC, Counter-defendant denies the

---

[1] "A copyright registration is 'prima facie evidence of the validity of the copyright and the facts stated in the certificate.'17 U.S.C. § 410(c)." *United Fabrics Int'l, Inc. v. C&J Wear, Inc.*, 630 F. 3d 1255, 1257 (9th Cir. 2011).

**2**

COUNTER-DEFENDANT BARRY ROSEN'S ANSWER TO
DEFENDANT HOLLYWOOD SHOW, LLC'S COUNTERCLAIM      2:15-cv-05789-ODW-JC

allegations set forth in Paragraph 1 of the Counterclaim. Counter-defendant hereby incorporates by reference the FAC in its entirety.

2. To the extent the allegations set forth in Paragraph 2 are determined to be allegations of law, Counter-defendant is not required to plead a response thereto. To the extent that such allegations are determined to be allegations of fact, Counter-defendant admits the allegations set forth in Paragraph 2 of the Counterclaim.

3. Counter-defendant admits the allegations set forth in Paragraph 3 of the Counterclaim.

4. Counter-defendant denies the allegations set forth in Paragraph 4 of the Counterclaim, including but not limited to that it is entitled to a declaration of non-infringement. Counter-defendant has not asserted a claim for direct copyright infringement against Hollywood Show in the FAC. Plaintiff asserts only a claim of *secondary* copyright infringement against Hollywood Show. Paragraph 43 of the FAC states that "Defendant Hollywood Show had either constructive knowledge, or actual knowledge, and/or had reason to know of the infringing activity alleged herein and that Defendant Mike Medlin had no right to copy, upload, display, download, or distribute the Photographs and consciously disregarded such knowledge." (Dkt. No. 25, FAC, ¶ 43.) Further, Counter-defendant alleges that "Defendant Hollywood Show continued to infringe on Plaintiff's copyrights *by continuing to allow, induced, facilitated, hosted and encouraged,* Defendant Mike Medlin…" (Dkt. No. 25, FAC, ¶ 45.)

5. Counter-defendant denies that Hollywood Show is entitled to a declaratory judgment as to the scope of any copyrights at issue or to which elements of each photograph are protectable under federal Copyright law as there is no outstanding controversy regarding the scope of Rosen's copyrights in the photographs at issue which are copyrightable themselves as well as contain original copyrightable elements. Counter-defendant denies that Hollywood Show is entitled to a declaratory judgment that it has not infringed and is not infringing and is not otherwise liable for the infringement of the

copyright(s) asserted in this action. Hollywood Show offers no **facts** in its Answer to Rosen's FAC or Counterclaim as to why it would be entitled to such relief. Counter-defendant denies that the scope of any copyrights asserted in this action are at issue. Counter-defendant maintains that the FAC is well-pled. In the FAC, Counter-defendant states that he owns all rights in the copyrights to the photographs at issue and gives the copyright registration names and numbers to the works. (Dkt. No. 25, FAC, ¶¶ 16, 24.) Counter-defendant is the owner of all the rights in copyright to the images at issue, he has not licensed either of them to any entity.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Hollywood Show is not entitled to declaratory relief on the issue of the scope of the copyrights asserted because the scope of the copyrights in the images at issue has not been disputed by any party, to date. Rosen alleges he owns the entirety of the copyrights at issue as evidenced by the prima facie case for ownership established by the certificate of ownership on file with the Copyright Office of the photographs. Hollywood Show does not raise the issue of the scope of the copyrights owned by Rosen in its Answer through any of its numerous affirmative defenses. This request for declaratory judgment relief is the first time the issue of the scope of the copyrights has been raised. As such, it is not a live justiciable controversy in the instant action and Hollywood Show is not entitled to a declaratory judgment on this issue.

### SECOND AFFIRMATIVE DEFENSE

Hollywood Show is not entitled to a declaratory judgment that it has not infringed and is not infringing and is not otherwise liable for the infringement of the copyright asserted in this action. A declaratory judgment on this issue is akin to moving for summary judgment on the controversy at the core of this case, yet Hollywood Show

offers no evidence or proof as to why it believes it has not secondarily infringed.[2]

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Counter-defendant Rosen denies that Counter-claimant Hollywood Show is entitled to the relief requested and prays for relief as follows:

1. That Counter-claimant Hollywood Show take nothing by its Counterclaim(s) and find in favor of Plaintiff/Counter-defendant on the Counter-claim(s);

2. For attorney's fees and costs; and

3. For such other and further relief as this court deems just and appropriate.

Dated: November 20, 2015            LAW OFFICES OF ADAM I. GAFNI

By: /s/ Adam I. Gafni
Adam I. Gafni
Attorneys for Plaintiff
Barry Rosen

---

[2] "In a declaratory judgment action, the party that has the burden of proof is determined not by their designation as plaintiff or defendant, but by the nature of the relief sought." *Burlington N. R.R. Co. v. Hyndai Merch. Marine Co.*, CV 96-9123-MMM (VAPx), 1999 U.S. Dist. LEXIS 23186, *17 (C.D. Cal. June 7, 1999). "Thus, 'where the substantive issue in a declaratory judgment action is one on which the defendant would bear the burden of affirmative proof were the action brought in traditional form, the underlying . . . assignment of burdens is not altered.'" *Burlington*, at *18 (quoting *Union Pacific Insurance Co. v. Safety Kleen Corp.*, C-89-3119 MHP, 1993 U.S. Dist. LEXIS 1993 21490, *13 (N.D. Cal. Nov. 10, 1993). (Patel, D.J.) (citing Fireman's Fund Ins. Co. v. Videfreeze Corp., 540 F.2d 1171, 1176 (3d Cir. 1976), cert. denied, 429 U.S. 1053, 50 L. Ed. 2d 770, 97 S. Ct. 767 (1977)).

COUNTER-DEFENDANT BARRY ROSEN'S ANSWER TO
DEFENDANT HOLLYWOOD SHOW, LLC'S COUNTERCLAIM                   2:15-cv-05789-ODW-JC

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of any and all issues triable with right by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: November 20, 2015     LAW OFFICES OF ADAM I. GAFNI

By: /s/ Adam I. Gafni
Adam I. Gafni
Attorneys for Plaintiff
Barry Rosen