**O**

1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11 BARRY ROSEN, | Case No. 2:15-cv-05789-ODW-JC |
| 12                    Plaintiff,<br>         v. | **ORDER GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT [35]** |
| 13 | |
| 14 MICHAEL "MIKE" MEDLIN dba | |
| 15 AFFORDABLE AUTOGRAPHS; | |
| 16 AFFORDABLE AUTOGRAPHS | |
| 17 HOLLYWOOD; HOLLYWOOD SHOW, | |
| 18 LLC; AND DOES 1-10, | |
| 19                    Defendants. | |
| 20 | |

21

22        Defendant Michael Medlin moves to set aside a default entered against him

23 under Federal Rule of Civil Procedure 55(c).  (ECF No. 35.)  Plaintiff Barry Rosen

24 argues the motion should be denied because (1) Defendant failed to meet and confer

25 prior to the filing of his motion; (2) Defendant was under the jurisdiction of the Court

26 having answered the Original Complaint; and (3) Defendant's continuous violations

27

28

of Federal Rules of Civil Procedure is a burden on the Court.  (ECF No. 38.)  For the following reasons, the Court **GRANTS** Defendant's motion.[1]

## I.    FACUTAL BACKGROUND

This action concerns copyright issues within the autograph dealing industry. Defendant obtains autographs of celebrities on photographs he prints off the internet and subsequently sells them for profit.  (First Am. Compl. ¶ 5.)

On July 20, 2015, Plaintiff filed his original Complaint.  (ECF No. 1.)  The Summons and Complaint were personally served on Defendant at 5400 W. Century Blvd., Los Angeles, California on August 3, 2015.  (ECF No. 8.)  Defendant, appearing pro se, filed his Answer to the Original Complaint on September 2, 2015. (ECF No. 23.)  On September 10, 2015, Plaintiff filed his First Amended Complaint ("FAC").  (ECF No. 25.)  The FAC was served on Defendant by first class U.S. mail at 5936 Carlton Way, No. 11, Hollywood, California, which is the address listed on Defendant's previously-filed Answer.  (ECF Nos. 23, 26.)  Defendant failed to answer the FAC, and on October 8, 2015, the Clerk entered a default against the Defendant. (ECF No. 33.)  Defendant now moves to set aside the default, claiming he never received the FAC.  (ECF No. 35.)

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) authorizes a court to "set aside the entry of default" for "good cause shown."  Fed. R. Civ. P. 55(c).  District courts look at three factors when deciding whether to set aside a default: "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default."  *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).  "Where timely relief is sought from a default . . . doubt, if

---

[1] After carefully considered the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits." *Mendoza v. Wright Vineyards Mgmt.*, 783 F.2d 941, 945–46 (9th Cir. 1986) (internal quotation marks omitted).

### III.   DISCUSSION

The first factor from *Brandt* requires the Court to consider whether Plaintiff will be prejudiced if the entry of default is set aside. *See Brandt*, 653 F.3d at 1111. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 700 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). A two-month delay in this matter is not inconsequential, and the Court is sensitive to Plaintiff's interest in a speedy resolution. However, there is no indication that Plaintiff will suffer any harm greater than this delay, and it appears that Defendant is now prepared to diligently litigate this matter. This factor weighs in favor of Defendant.

The second factor requires the Court to consider whether Defendant has a meritorious defense to this action. *See Brandt*, 653 F.3d at 1111. A defendant seeking to set aside an entry of default must present specific facts that would constitute a defense. *See TCI Group Life*, 244 F.3d at 700. Defendant's only possible "meritorious defense" is that he printed the images from the internet, which he argues is a public domain, and that the images lacked any kind of watermark. (ECF No. 36.) Notwithstanding the lack of a declaration, Defendant fails to allege any "*specific*" facts to suggest this is a meritorious fair use defense. *See id*.

However, Defendant is appearing pro se. When a party appears pro se, the Court construes the pleadings liberally and affords them the benefit of any doubt. *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally."). This allowance does not mean, however, that a pro se defendant is "excused from knowing the most basic pleading

requirements." *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000).   But even construing the pleadings liberally, this factor still weighs slightly in favor of Plaintiff due to the relative weakness of Defendant's defense.

The final factor requires the Court to determine whether Defendant's culpability led to the entry of default.  *See Brandt*, 653 F.3d at 1111.  "[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer."  *TCI Group Life*, 244 F.3d at 697.  In this context, the term "intentionally" does not just mean making a conscious choice not to answer; rather, the movant must have acted with bad faith, such as an "intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process."  *Id*.

Defendant claims to not have received Plaintiff's FAC.   (ECF No. 35.) However, Defendant does not assert that the proof of service of the FAC was somehow defective or listed an incorrect address for service of process.   To the contrary, the FAC was served on the exact address listed on Defendant's Answer to the Original Complaint: 5936 Carlton Way, No. 11, Hollywood, California.  (ECF Nos. 23, 26.)  Whether Defendant received the FAC or not, he was already on notice that that the action had been filed against him, and a responsible party would have done their due diligence from that point on to discover when a responsive pleading was required.

However, nothing in Defendant's conduct suggests the bad faith necessary to find that he intentionally failed to answer the FAC.   There is no evidence that Defendant intended to take advantage of the opposing party or manipulate the legal process.   Instead, the facts demonstrate that Defendant either never received the FAC or that he was ignorant of the law and did not understand his obligation to respond to an amended complaint.  Taking into account of all relevant circumstances surrounding

1    the party's omission, the Court finds that Defendant's conduct was not culpable.  As

2    such, this factor weighs in favor of Defendant.

3          In light of the strong preference for resolution of issues on the merits, the

4    diligent response of Defendant in moving promptly to set aside default, the absence of

5    prejudice to Plaintiff, and the lack of bad faith on the part of Defendant, the Court is

6    inclined to grant Defendant's motion to set aside entry of default.

7    **IV.    CONCLUSION**

8          In light of the foregoing, the Court **GRANTS** Defendant's motion to set aside

9    entry of default.  Defendant Michael Medlin shall respond to the First Amended

10   Complaint within fourteen days of this Order.

11

12

13         **IT IS SO ORDERED.**

14         December 22, 2015

15

16   _____

17               **OTIS D. WRIGHT, II**
         **UNITED STATES DISTRICT JUDGE**

18

19

20

21

22

23

24

25

26

27

28