Adam I. Gafni, Cal. Bar No. 230045
Sascha Meisel, Cal. Bar No. 293841
**LAW OFFICES OF ADAM I. GAFNI**
2811 Wilshire Blvd., Suite 780
Santa Monica, California 90403
Tel: (424) 744-8344
Fax: (424) 488-1344
E-mail: adam@gafnilaw.com
E-mail: sascha@gafnilaw.com


Attorneys for Plaintiff, BARRY ROSEN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY ROSEN,<br><br>             Plaintiff,<br><br>vs.<br><br>MICHAEL "MIKE" MEDLIN DBA AFFORDABLE AUTOGRAPHS, AFFORDABLEAUTOGRAPHSHOLLYWOOD; HOLLYWOOD SHOW, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; AND DOES 1-10.<br><br>             Defendants. | Case No.: 2:15-cv-05789-ODW-JC<br><br>Assigned to the Honorable Otis D. Wright, II<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT MEDLIN'S MOTION TO SET ASIDE ENTRY OF DEFAULT**<br><br>Hearing Date: February 22, 2016<br>Time: 1:30 pm |

## I.    INTRODUCTION

Mike Medlin, by his own admission in the Motion papers is one of many willful copyright infringers in the celebrity autograph dealing industry. He, like others that he is aware of, pay *nothing* for the rights to manufacture copies of and

1

distribute what can only be the work of professional photographers. They obtain autographs of celebrities on the photographs and make a substantial profit in large part because they never pay *anything* to the rights holders of the images they copy and distribute. It is high time the autograph community learn that it cannot gorge itself on the copyrights of others.

Defendant's Motion to Set Aside Entry of Default on the First Amended Complaint ("Motion") (Dkt. No. 61) should be denied for the following reasons:

First, Medlin has violated Local Rule 7-3 by failing to meet and confer prior to filing this Motion. Defendant states that he met and conferred with counsel on 1/15/16, however, Medlin did not call or otherwise contact Plaintiff's counsel on this date. In fact, Plaintiff's counsel has not spoken with Medlin since a phone conversation on 9/28/15. On this call, Plaintiff's counsel tried to schedule the Rule 26(f) conference and Medlin replied that he would not discuss the case. Medlin did call Plaintiff counsel's office on 10/14/15 and left a message that he would be filing a motion to set aside entry of default, which he did later that day. (Gafni Decl., ¶ 6.) No meet and confer occurred, however. There was also no meet and confer at any time regarding the instant Motion. Furthermore, Defendant states that he served this Motion and other attendant documents on Plaintiff's counsel by mail on 1/15/16, but none have been received.

Second, Medlin claims simultaneously that he did not know he had to answer and that he thought he had more time to answer. Medlin states that "I did not receive mail notifying me that I had to file an answer a second time," (Dkt. No. 62, Medlin Decl., ¶ 5) and also that he "received the paperwork one week after it was sent. I thought that I had plenty of time to respond thinking that I had 14 business days to do so." (Dkt. No. 63, Medlin Memorandum, p. 5, lns. 17-20.) It is clear that he received this Court's Order of 12/23/15 as he knows the Court granted his prior motion to set aside and ordered him to respond to Plaintiff's FAC "within

PLAINTIFF'S OPPOSITION TO DEFENDANT MEDLIN'S
MOTION TO SET ASIDE ENTRY OF DEFAULT                                    2:15-CV-05789-ODW-JC

fourteen days of this Order." (Dkt. No. 54.)

Third, setting aside default here would be pointless because in the Motion itself and in the previous motion to set aside, Medlin *admits* to willful copyright infringement under penalty of perjury:

"I found images of Ali Landry on Google which is public domain. The image had no watermark on it for copyright. I printed the said image to get it autographed and be sold as an autographed photo."

(Dkt. No. 36, p. 6, lns. 6-7), and,

"the images I found on Google which is public domain and had no watermark. I was selling the photograph as an autographed item not as an unsigned photo by itself, because it was signed I was told it was considered memorabilia and that the Copyright no longer applied."

(Dkt. No. 63, p. 6, lns. 6-13.) Medlin very clearly has no defense to this matter and presents no facts supporting a defense in his Motion, Medlin cannot meet his burden on this critical element required to set aside entry of default.

Fourth, this latest default and motion by Defendant is just another in a long string of willful violations of the rules and should not be excused by the Court. Defendant failed to timely answer the initial complaint, failed to timely answer the FAC, and failed to comply with the court order to answer the FAC, along with numerous procedural and local rule violations including willfully refusing to speak with Plaintiff's counsel, refusing to participate in the Rule 26(f) conference, and falsely representing (under penalty of perjury) that he sent/served motion papers.

Given the ongoing string of violations, failures, etc. by Medlin thus far, Plaintiff believes that should the Court even consider granting Medlin's Motion, it will only be postponing the inevitable. Plaintiff would also like the Court to note

3

that Plaintiff anticipates filing a noticed motion for entry of default judgment for Defendant Medlin shortly, in any event not later than 2/11/16 as ordered in the Court's Minute Order of 1/11/16. (Dkt. No. 57.) Plaintiff also anticipates the likelihood of Medlin continuing to violate rules of court and other failures. Plaintiff brought up this probability of Defendant continuing to violate rules of court and other failures to the Court's attention in his opposition papers to the prior motion to set aside brought by Medlin. Plaintiff's assertions have now proven to be true by Medlin's actions here.

Plaintiff requests that the Motion be denied and the default stand.

## II.    ARGUMENT

### A. Medlin's Violation of Rule 7-3 and Improper Service of Motion Documents Warrants Denying the Motion.

Local Rule 7-3 requires that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution… The conference shall take place at least seven (7) days prior to the filing of the motion." This Court's specific orders also states, "[t]he pro per status of one or more parties does not negate this requirement." Medlin is aware of this requirement as he also failed to abide by it in his previous motion to set aside his (second) default (and, even assuming arguendo he was unaware of the rule previously, it was brought to his attention in those opposition papers). No such meeting of counsel occurred. (Gafni Decl., ¶ 5.)

Medlin also filed a Proof of Service for this Motion in which he represents (under penalty of perjury) that he served motion papers on Plaintiff's counsel via mail on 1/1/5/16. (Dkt. No. 64.) Nonetheless, Plaintiff's council has never received such documents in the mail and only learned of the motion on 1/26/16 when the documents were uploaded and emailed via the ECF system. (Gafni Decl., ¶ 2.)

**PLAINTIFF'S OPPOSITION TO DEFENDANT MEDLIN'S
MOTION TO SET ASIDE ENTRY OF DEFAULT**                    2:15-CV-05789-ODW-JC

It is clear Defendant is intent upon not following procedural requirements in this case. Not only was the Motion *never discussed*, Defendant never contacted Plaintiff's counsel **at all**, (Gafni Decl., ¶ 5.) though he represented in his moving papers that he had done so (Dkt. No. 61, p. 2, lns. 8-9) and failed to properly serve his moving papers. Medlin's willful failure to follow the rules warrants denying the Motion.

### B. Medlin Has Not Established Any Conceivable Plausible Defense to the Copyright Infringement Action and Has Admitted to Willful Copyright Infringement in the Motion Itself.

#### 1. The standard requires Medlin to present specific facts supporting a defense to the claims in the action.

Under Fed. Rule Civ. P. 55(c), a court may set aside an entry of default for "good cause." Fed. Rule Civ. P. 55(c). The standards for setting aside a default under Fed. Rule Civ. P. 55(c) are "essentially the same as the standard for vacating a default judgment under Rule 60(b)." *Chrysler Credit Corp. v. Macino*, 710 F.2d 363, 367 (7th Cir. 1983); see also *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925 (9th Cir. 2004).

When considering whether to grant a motion to set aside a default courts are encouraged to utilize the list of grounds for relief provided for in Fed. Rule Civ. P. 60(b). *TCI Group Life Ins., Plan v. Knowebber*, 244 F. 3d 691, 696 (9th Cir. 2001). A court will not disturb a default if three factors are present: (1) it was the defendant's culpable conduct that led to the default; (2) the defendant has no meritorious defense; and (3) the plaintiff would be prejudiced if the default was set aside. *Alan Neuman Prods., Inc. v. Albright*, 862 F. 2d 1388, 1392 (9th Cir. 1988); *TCI Group Life Ins. Plan,* 244 F. 3d at 696; *Franchise Holding II*, LLC, 375 F. 3d at 926. As noted in *In re Hammer*, "this tripartite test is disjunctive." *In re Hammer*,

940 F. 2d 524, 526 (9th Cir. 1991) quoting *Cassidy v. Tenorio*, 856 F. 2d 1412, 1415 (9th Cir. 1988).

The defaulting party bears the burden of showing that the three factors favor setting aside the default. *Franchise Holding II, LLC*, 375 F. 3d at 926; *TCI Group*, 244 F. 3d at 697; *Facebook, Inc. v. Grunin*, U.S. Dist. LEXIS 153948, 5 (N.D. Cal. Oct. 30, 2014). Thus, where a defaulting defendant fails to satisfy **any one** of the three factors, a court may deny their motion to set aside the default. *Franchise Holding II, LLC*, 375 F. 3d at 926.

Where a defendant seeks to vacate a default, it <u>must</u> present specific facts to support any meritorious defense, a general denial will not support it. *TCI* 244 F. 3d at 700; *Madsen v. Bumb*, 419 F. 2d 4, 6 (9th Cir. 1969); *Franchise Holding II, LLC*, 375 F.3d at 926. "If, however, the defendant presents no meritorious defense, then nothing but pointless delay can result from reopening the judgment. *See Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986)." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001); *United States v. One 1997 Honda Civic*, 2007 U.S. Dist. LEXIS 79867 (W.D.N.Y. Oct. 29, 2007) (denying motion to set aside default based upon unsupported statements do not establish meritorious defense). **A meritorious claim or defense is a precondition to relief.** *See, e.g., Pease v. Pakhoed Corp.*, 980 F.2d 995, 998 (5th Cir. 1993) ("It is well established that Rule 60(b) requires the movant to demonstrate a meritorious cause of action [or defense]." *Id.*

### 2.   Plaintiff will be Prejudiced if the Entry of Default is Set Aside

The Court Order issued on Defendant's prior motion to set aside acknowledged that Plaintiff would be prejudiced by a delay in this matter and that "[a] two-month delay in this matter is not inconsequential." (Dkt. No. 54, p. 3, lns. 10-11.) The Court further deferred to the defendant: "it appears that Defendant is now prepared to diligently litigate this matter. This factor weights in favor of

**PLAINTIFF'S OPPOSITION TO DEFENDANT MEDLIN'S
MOTION TO SET ASIDE ENTRY OF DEFAULT**                     2:15-CV-05789-ODW-JC

Defendant." (Dkt. No. 54, p.3, lns. 14-15.) The delay, however, has stretched beyond two-months and who knows how much longer Defendant will drag his feet without any show of good faith to try and resolve this case. Defendant has also shown that he does not intend to diligently litigate this case despite being given the benefit of the Court in his prior motion to set aside.

### 3. Medlin has not established a meritorious defense, but admitted to liability in this matter in his Motions.

Medlin has admitted to finding or otherwise obtaining the Ali Landry images at issue online, not obtaining a license, and then making copies of the image for Ali Landry to sign. Further, the Court already ruled in favor Plaintiff on this factor in its Order of 12/23/15, stating, "even construing the pleadings liberally, this factor still weighs slightly in favor of Plaintiff due to the relative weakness of Defendant's defense." (Dkt. No. 54, p. 4, lns. 2-4.)

### 4. Medlin has violated a court order which led to this default.

Defendant was clearly ordered to respond to the FAC within 14 days**.** Medlin admits that he received the Courts Order granting his motion to set aside his (second) default in this case and ordering that he respond to the FAC within 14 days of the order. It is his responsibility, since he is acting as his own counsel, to ensure that he fully comply with all court orders, which he did not do. Thus, the default should not be set aside as Defendant willfully failed to abide by the Court's Order. The Court should deny the Motion and allow this matter to proceed by way of default judgment.

### C. Medlin's Repeated Violation of Basic Rules Warrants Default Itself.

The meaning of "fourteen days" is evident. Even allowing Medlin's groundless interpretation of the Court's Order requiring him to respond "within fourteen **days** of this Order" (emphasis added), however, to mean "14 business

7

days," a response would have been due on 1/12/16. Yet this Motion was not filed until 1/25/16, two weeks after Defendant believed his response to be due. Moreover, it appears Defendant had no intention of responding even at this late date since he also states that he discovered his timing mistake when he went to change his mailing address on 1/8/16. (Dtk. No. 59). He then waited a further two weeks before filing this Motion. It was his responsibility, since he is representing himself in pro per to ensure that he fully complies with all court orders and rules of court, which he clearly cannot or did not do.

As was also discussed in the previous opposition papers, Medlin has consistently failed to follow any of the courts rules, including but not limited to failures to meet and confer pursuant to local rule 7-3. Medlin has blatantly refused to participate in this matter, including refusing to participate in the required meeting of counsel pursuant to Rule 26f. This situation is simply untenable and has already caused a dramatic increase in the burden of bringing this basic action beyond that which should be required and increasing Plaintiff's legal costs in this matter. Moreover, Medlin has always maintained that he will never pay anything to Plaintiff. These assertions raise concerns as to whether Plaintiff will ever recover the increased costs associated with Medlin's continuing bad acts and violations of basic rules.

## III.   MEDLIN SHOULD BE FORCED TO POST A BOND OR PAY PLAINTIFF'S ATTORNEY'S FEES IN SEEKING DEFAULT AND PREPARING DEFAULT JUDGMENT PAPERS.

If for some reason the court does entertain reversing the default and allows Medlin to continue, Plaintiff asks that the court require Medlin to post a bond of $300,000.00 (three hundred thousand dollars) to cover the maximum possible potential judgment for two (2) willful infringements. In the alternative, Defendant should pay for certain attorneys' fees and costs created as a result of its willful

PLAINTIFF'S OPPOSITION TO DEFENDANT MEDLIN'S
MOTION TO SET ASIDE ENTRY OF DEFAULT                    2:15-CV-05789-ODW-JC

default. *See, Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1546–1547 (9th Cir. 1988) (after defendant defaulted several times, it was proper for district court to order as condition of setting aside defaults that defendant pay plaintiff's attorneys' fees, completely and promptly respond to all discovery, and obey federal and local rules); *E. & J. Gallo Winery v. Cantine Rallo, S.P.A.*, 430 F. Supp. 2d 1064, 1094 (E.D. Cal. 2005) (district court ordered defendant, as condition of reopening default judgment, to pay plaintiff's reasonable costs and attorney's fees incurred in seeking default judgment).

Plaintiff requests $1,825.00 in fees and costs be awarded. (Gafni Decl., ¶¶ 11-16.)

## IV.   CONCLUSION

Defendant offers the Court no reasonable basis upon which to grant this Motion. There exists no good cause and no excusable neglect to support setting aside entry of default. For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Set Aside Entry of Default in all respects.


Dated: February 1, 2016          LAW OFFICES OF ADAM I. GAFNI


                                 By:  /s/ Adam I. Gafni

                                 Adam I. Gafni
                                 Attorneys for Plaintiff
                                 Barry Rosen

PLAINTIFF'S OPPOSITION TO DEFENDANT MEDLIN'S
MOTION TO SET ASIDE ENTRY OF DEFAULT                    2:15-CV-05789-ODW-JC