Adam I. Gafni, Cal. Bar No. 230045
Sascha Meisel, Cal. Bar No. 293841
**LAW OFFICES OF ADAM I. GAFNI**
2811 Wilshire Blvd., Suite 780
Santa Monica, California 90403
Tel: (424) 744-8344
Fax: (424) 488-1344
E-mail: adam@gafnilaw.com
E-mail: sascha@gafnilaw.com

Attorneys for Plaintiff, BARRY ROSEN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY ROSEN,<br><br>        Plaintiff,<br><br>vs.<br><br>MICHAEL "MIKE" MEDLIN DBA AFFORDABLE AUTOGRAPHS, AFFORDABLEAUTOGRAPHSHOLLYWOOD; HOLLYWOOD SHOW, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; AND DOES 1-10.<br><br>        Defendants. | Case No.: 2:15-cv-05789-ODW-JC<br><br>Assigned to the Honorable Otis D. Wright, II<br><br>**PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT BY COURT**<br><br>Complaint Filed: July 30, 2015<br>First Amended Complaint Filed: September 10, 2015<br><br> Hearing Date: March 14, 2016<br> Time: 1:30 pm |

**TO ALL PARTIES, AND THEIR ATTORNEY'S OF RECORD:**

**PLEASE TAKE NOTICE** that on **March 14, 2016** at **1:30 p.m.**, or as soon thereafter as this matter may be heard by the Honorable Otis D. Wright, II of the above-entitled Court located at 312 North Spring St, Los Angeles, Courtoom 11, California, Plaintiff BARRY ROSEN will present his application for a default

1

1   judgment against Defendant MICHAEL "MIKE" MEDLIN DBA AFFORDABLE

2   AUTOGRAPHS, AFFORDABLEAUTOGRAPHSHOLLYWOOD ("Medlin").

3   Medlin has been served with the First Amended Complaint and ordered by the

4   Court to respond with fourteen days of the court order dated December 22, 2105.

5   The clerk previously entered the default of Medlin on January 8, 2016.

6

7

8   Dated: February 11, 2016                LAW OFFICES OF ADAM I. GAFNI

9

10                                          By:  /s/ Adam I. Gafni

11

12                                          Adam I. Gafni
                                            Attorneys for Plaintiffs
13                                          Barry Rosen

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Application for Default Judgment**                              **2:15-cv-05789**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

**I. INTRODUCTION**…………………………………..…………3

**II. STATEMENT OF FACTS**……………………………………..3

**A. Plaintiff Barry Rosen's Owns the Copyright to the Photographs**…3

**B. Discovery of Defendant Mike Medlin's Infringing Activity and** *Continued* **Infringing Activity After Notice to Medlin**……………..4

**C. Medlin's Business is Founded on Willful Copyright Infringement**..5

**D. Procedural Posture of Case**…………………………………...7

**III.    ARGUMENT**……………………………………………....8

**A. Legal Standard For Entering Default Judgment**…………………8

**B. Default Judgment is Appropriate Here**…………………………8

**C. Plaintiffs Are Entitled To Statutory Damages For Defendant's Willful Conduct**………………………………..………..12

**D. Plaintiffs Are Entitled to Costs and Reasonable Attorney's Fees**...14

**E. Plaintiff Is Entitled to Injunctive Relief**…………………………15

**IV.    CONCLUSION**……………………………………………...16

1

**TABLE OF AUTHORITIES**

**Cases**                                                                                                    **Page**

*Alan Neuman Productions, Inc. v. Albright*, 862 F. 2d 1388, 1392 (9th Cir. 1988)……………………………………………………………**8**

*Autodesk, Inc. v. Flores*, 10-cv-01917-LHK, 2011 U.S. Dist. LEXIS 11687, *30-31 (N.D. Cal. Jan. 31, 2011)…………………………………**8,9**

*Broadcast Music, Inc. v. Colonial Foods, Inc.*, C-92-4253-DLJ, 1993 U.S. Dist. LEXIS 3859, *9 (N.D. Cal. March 22, 1993)…………………………**8,13,15,16**

*Broadcast Music, Inc. v. Niro's Palace, Inc.,* 619 F. Supp. 958, 963 (N.D. Ill. 1985)……………………………………………………………**16**

*Canopy Music Inc. v. Harbor Cities Broad., Inc.*, 950 F. Supp. 913, 917-918 (E.D. Wis. 1997)……………………………………………**15**

*Coleman v. Payne*, 698 F. Supp. 704, 708 (W.D. Mich. 1988)………………...**13**

*Columbia Pictures Indus. v. Krypton Broad. Of Birmingham, Inc.*, 259 F.3d 186, 1194 (9th Cir. 2001)………………………………………………**13**

*Dillard v. Victoria M. Morton Enters.*, 2:08-cv-01339 FCD KJN PS, 2010 U.S. Dist. LEXIS 48539, *23 (E.D. Cal. April 23, 2010)………………………**9**

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986)…………………**8,9,12**

*Fermanta Int'l Melodies, Inc. v. Champions Golf Club, Inc.*, 712 F. Supp. 1257, 1264 (S.D. Tex. 1989)……………………………………………**13**

*Flyte Tyme Tunes v. Miszkiewicz*, 715 F. Supp. 919, 922 (E.D. Wisc. 1989)….**13**

*Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)………………………...**14,15**

*F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233 (1952)….**12**

*J & J Sport Prods. v. Salas*, 13-cv-0553-BLF, 2015 U.S. Dist. LEXIS 68638, *4 (N.D. Cal. May 27, 2015)……………………………………………..**8**

*Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003)………**13,14,16**

*Kloepping v. Fireman's Fund*, C 9402684 TEH, 1996 U.S. Dist. LEXIS 1786, *3 (N.D. Cal. Feb. 14, 1996)……………………………………....……**11**

*Lifted Research Group, Inc. v. Salem*, C-08-4497 SC, 2009 U.S. Dist. LEXIS 44850, *21 (N.D. Cal. May 15, 2009)……………………………..…**15**

*Livingston v. Art.com, Inc.*, 13-CV-03748-JSC, 2015 U.S. Dist. LEXIS 92211, *52 (N.D. Cal. April 17, 2015)…………………………………**8,15**

*Mattel, Inc. v. MGA Entm't, Inc.*, 705 F.3d 1108, 1111 (9th Cir. 2013)……….**15**

*Odnil Muisc, Ltd. v. Katharsis LLC*, S-05-0545 WBS JFM, 2006 U.S. Dist. LEXIS 65813, *21 (E.D. Cal. July 20, 2006)…………………………**13,15**

*Pac. Stock, Inc. v. MacArthur & Co.*, 11-00720 JMS/BMK, 2012 U.S. Dist. LEXIS 128258, *19 (D. Haw. Sept. 10, 2012)…………………………...**15**

*Penpower Tech. Ltd. v. S.P.C. Tech.*, 627 F. Supp. 2d 1083, 1094 (N.D. Cal. 2008)……………………………………………………………**15**

*PepsiCo, Inc.v.Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)……………………………………………………...**9,10,11,12**

*Sofa Entm't, Inc. v. Dodger Prods.*, 709 F.3d 1273, 1280 (9th Cir. 2013)…….**14**

*Televideo Sys., Inc., v. Heidenthal*, 826 F. 2d 915, 917-18 (9th Cir. 1987)……..**8**

## Statutes

Federal Rule of Civil Procedure 55(b)(2)……………………………………..**3**

Federal Rule of Civil Procedure 17 U.S.C. § 504(c)(1)……………...**3,7,12,16**

Federal Rule of Civil Procedure 17 U.S.C. § 501……………………………**9**

Federal Rule of Civil Procedure 505…………………………………**3,7,10,14**

17 U.S.C. § 106………………………………………………………**9,10**

17 U.S.C. § 504(c)(2)……………………………………….....**3,7,12,16**

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff, BARRY ROSEN, an individual, sumbits this Memorandum of Points and Authorities in Support of his Application for Default Judgment by the Court against Defaulted Defendant MICHAEL "MIKE" MEDLIN DBA AFFORDABLE AUTOGRAPHS, AFFORDABLEAUTOGRAPHSHOLLYWOOD ("Defendant" or "Medlin").

## I. INTRODUCTION

This action is for direct copyright infringement of two (2) of Plaintiff's copyrighted photographs that Medlin downloaded from Google, printed, had autographed, and then uploaded and sold on eBay and in person at autograph show(s). Defendant did so without any license from Rosen, the copyright holder. Defendant's undeniable copyright infringing activity is the backbone of Defendant's business. Defendant has made it clear he will not cease this activity absent Court order. Plaintiff is requesting entry of a default judgement, for statutory damages of at least $100,000.00 (i.e. one-third of the maximum awardable amount of $300,000.00), attorneys' fees in the amount of **$13,130.00**, and costs of suit in the amount of $485.00 pursuant to Federal Rule of Civil Procedure 55(b)(2) and 17 U.S.C. §§ 504(c)(1) and 505.

## II. STATEMENT OF FACTS

### A. Plaintiff Barry Rosen's Owns the Copyright to the Photographs.

Plaintiff is a professional photographer who is a resident of the State of California. Plainttiff took the photographs at issue as well as arranged for all the aspects of the photo shoots thereby vesting in him all copyrights in the photographs at issue in this case - two (2) photographs of Ali Landry. First Amended Complaint ("FAC"), ¶ 1; Rosen Decl., ¶¶2-4. The Photographs were not works for hire and

were not done at the direction or commission of other parties. Rosen. Decl., ¶4. Plaintiff registered the two (2) photographs at issue in this matter with the United States Copyright Office and was issued Certificates of Registration. Rosen. Decl., ¶2 & Exh 1. The Registration names and numbers of these photographs are as follows:

| Copyright Owner | Registration Number(s) | Description |
|---|---|---|
| Barry Rosen | VAu-660-263 | Ali Landry |
| Barry Rosen | VA 1-230-922 | Ali Landry |

Rosen Decl., ¶3 & Exh. 1; FAC, ¶¶ 15, 24. Rosen has never authorized any of the photographic prints involved in this case and never authorized any of the copyright violations alleged herein, including but not limited to the downloading, scanning, uploading, and distribution of the unauthorized prints and Photographs. Rosen Decl., ¶5.

**B. Discovery of Defendant Mike Medlin's Infringing Activity and *Continued* Infringing Activity After Notice to Medlin.**

Defendant, within the past three years, copied, reproduced, uploaded, downloaded, publicly displayed and distributed Plaintiff's registered copyrighted photographs to a global audience via his seller account on eBay. FAC, ¶¶ 17, 29-31. Defendant's actions amount to direct willful copyright infringement. FAC, ¶¶ 36-38. Specifically, on July 18, 2015, Plaintiff discovered one of his copyrighted photographs of Ali Landry was listed for sale on eBay via the seller username "affordableautographshollywood." Rosen Decl., ¶8 & Exh. 2 **.** Rosen sent eBay a DMCA takedown notice. Rosen Decl., ¶ 3. eBay then informed Medlin about the removal of the image pursuant to the terms of the DMCA and the notice they received. Rosen Decl., ¶8.

Defendant Medlin is a California resident who is in the business of

4

1  downloading and printing images of celebrities off the internet, obtaining the

2  pictured celebrities' autograph, and then selling the photograph for profit both

3  through the internet (on websites such as eBay) and in person (such as at celebrity

4  memorabilia events). FAC, ¶¶ 2-5. When Medlin sells such photographs on eBay,

5  he operates through the username "affordableautographshollywood." FAC ¶¶ 3;

6  Rosen Decl., Exhs. 4 & 5. Medlin, in his answer to the original complaint, denied

7  being the ebay user "affordableautographshollywood," however, even a casual

8  visitor to the website www.affordableautographs.com easily learns that Medlin is

9  in fact this seller. Rosen Decl., ¶¶ 9 & 10; Exhs. 4 & 5 (showing a photo of Medlin

10  on the site and providing links to the same eBay seller page on his own website).

11       Rosen filed the Complaint regarding the above-referenced infringement

12  found on eBay and arranged to have Medlin served at the Hollywood Show where

13  he was advertised as a vendor. Rosen. Decl., ¶11. When Rosen attended the show

14  with the process server, he went to Medlin's booth. At the booth, he found two (2)

15  unauthorized prints of the Ali Landry photos, which he purchased from Medlin

16  before Medlin was served. Rosen Decl., ¶12 & Exhs. 6 & 7. See also, Rosen Decl.,

17  Exh. 8 (showing Medlin at booth selling unauthorized prints at or about time

18  served with process).

19       Of the two (2) prints Medlin was publically displaying and sold at the

20  Hollywood Show, one (1) was the same photograph as had been uploaded to eBay,

21  but had the autograph in a different location. Rosen Decl., ¶¶14 & 15 & Exh. 2 &

22  6. This meant that Medlin had made *multiple* prints of that photograph and

23  obtained autographs on them and was selling them and publically displaying them

24  even after the DMCA notice to eBay. The other print, it taken at the same

25  photoshoot, but is a different photograph, also taken by Rosen. Rosen Decl., ¶ 14.

26  **C. Medlin's Business is Founded on Willful Copyright Infringement.**

27       Medlin has admitted that he *prints* photos which he then gets autographed

28  (i.e. he does not purchase legitimate prints). Rosen Decl., ¶16 & Exhs. 9 & 10

**Application for Default Judgment**                                  **2:15-cv-05789**

(Medlin's statements on his website). Defendant admits not only that he committed the copyright infringement at issue, but that he rountinely and continuously engages in copyright infringement. In his first[1] Motion to Set Aside Entry of Default, Medlin states that he: "**found images of Ali Landry on Google**, which public domain. The image had no watermark on it for copyright. [He] **printed the said image to get it autographed and be sold as an autographed photo**." (Dkt. No. 36, p. 6, lns, 6-9.) In fact, Google Image search results routinely warn users that "images may be subject to copyright." Rosen Decl., ¶18.

Rosen knows of many of Medlin's prior infringing activites concerning both his other works and the works of third parties, but until he was caught in this instance lacked the proof necessary to bring an action against him. Rosen. Decl., ¶7. Medlin and Rosen had a number of conversations during various Hollywood Shows, through which Rosen learned that Medlin was not only aware that he was unlawfully engaging in copyright infringement, but that Rosen was looking to catch him in such unlawful activities. Rosen Decl., ¶17. This includes a specific conversation at a show in 2014, where Medlin told Rosen that a show operator had informed him that Rosen was at the show(s) looking for infringing activities by sellers. *Id.*

Medlin's continued sale of the unauthorized Ali Landry prints was a willful act because of Rosen's earlier conversations with Medlin and because Medlin was specifically put on notice of his infringing activities via eBay.  Rosen Decl., ¶18.

---

[1] In his second Motion to Set Aside Entry of Default he states further: "the images I found on Google which is public domain and had no watermark. **I was selling the photograph** as an autographed item not as an unsigned photo by itself, because it was signed I was told it was considered memorabilia and that the copywright no longer applied. **I also sold a (one of) meaning a one of a kind item**. **Each photo was different** with a different signature and placement" (Dkt. No. 63, p. 6, lns. 6-15)(admitting to having printed multiple copies of the photograph).

**Application for Default Judgment**                                    **2:15-cv-05789**

1    **D. Procedural Posture of Case**

2    Medlin has steadfastly refused to participate in this litigation beyond filing

3    late motion after late motion wherein he admits to the copyright infringement

4    alleged in the FAC. Gafni Decl., ¶¶ 2, 3.  Medlin filed his Answer to the Complaint

5    only after receiving an extension from the Court having missed the initial response

6    date. (Dkt. No. 22.) Plaintiff filed a First Amended Complaint on September 10,

7    2015. (Dkt. No. 25.) On October 8, 2015, default was entered against Medlin for

8    the first time when he failed to timely respond to the First Amended Complaint.

9    (Dkt. No. 33.) Medlin succeeded in setting aside this default and was ordered by

10   the Court to respond to the FAC within 14 days. (Dkt. No. 54.)  Medlin, *for the*

11   *third time*, failed to timely respond and default was entered against him for a

12   second time on January 8, 2016. (Dkt. No. 56.) This Court has previously deemed

13   that Medlin was properly served with the Complaint (Order, Dkt. No. 54, p. 2, lns.

14   7-11) and with the First Amended Complaint (Order, Dkt. No. 54, p. 2, lns. 12-18

15   and 15-22). On January 25, 2016, Medlin filed to set aside the second default

16   entered against him (Dkt. Nos. 61-63) which Plaintiff has opposed (Dkt No. 65).

17   Defendant admits not only that he committed the copyright infringement at

18   issue, but that it is his business practice to rountinely and continuously engage in

19   copyright infringement. (Dkt. No. 36, p. 6 & Dkt. No. 63, p. 6.) Plaintiff seeks

20   remedies provided by the Copyright Act, 17 U.S.C. §§ 504(c)(1) and 505: statutory

21   damages of at least the amount of $100,000.00, reasonable attorneys' fees in the

22   amount of $13,130.00, and costs in the amount of $485.00. Gafni Decl., ¶¶ 5, 6.

23   Default judgment should be entered in this action because Defendant

24   admantly refuses to acknowledge any wrongdoing on his part or engage in any

25   type of settlement negotiation despite all of the evidence proffered thus far in the

26   case pointing to egregious infringements on his part . Gafni Decl., ¶ 3. Without a

27   default judgment entered against him, Defendant will benefit from, and Plaintiff

28   will be left without any judicial recourse for, his willful and deliberate

7

1  infringements. Further, Medlin will have no incentive to stop the infringing
2  activities that are the foundation of his business.

3  **III.  ARGUMENT**

4  **A. Legal Standard For Entering Default Judgment**

5  Once the clerk of the court enters default against a party, the court  should
6  take all of the well-pleaded factual allegations in the Complaint as true, except
7  those relating to damages. *Televideo Sys., Inc., v. Heidenthal*, 826 F. 2d 915, 917-
8  18 (9th Cir. 1987). In a motion for default judgement, the court may then consider
9  other submitted evidence and motions to determine damages. *J & J Sport Prods. v.*
10  *Salas*, 13-cv-0553-BLF, 2015 U.S. Dist. LEXIS 68638, *4 (N.D. Cal. May 27,
11  2015). The decision to enter a default judgment is discretionary. *Alan Neuman*
12  *Productions, Inc. v. Albright*, 862 F. 2d 1388, 1392 (9th Cir. 1988). The Court also
13  has discretion to determine the prerequisites to an entry of a default judgment.
14  *Televideo*, 826 F. 2d at 917.

15  Courts routinely award plaintiffs injunctions, statutory damages, and
16  attorneys' fees and costs in copyright infringement actions when default has been
17  entered against defendants. *Autodesk, Inc. v. Flores*, 10-cv-01917-LHK, 2011 U.S.
18  Dist. LEXIS 11687, *30-31 (N.D. Cal. Jan. 31, 2011); *Broadcast Music, Inc. v.*
19  *Colonial Foods, Inc.*, C-92-4253-DLJ, 1993 U.S. Dist. LEXIS 3859, *9 (N.D. Cal.
20  March 22, 1993); *Livingston v. Art.com, Inc.*, 13-CV-03748-JSC, 2015 U.S. Dist.
21  LEXIS 92211, *52 (N.D. Cal. April 17, 2015) (denying defendant's motion to set
22  aside entry of default and reassigning matter to district judge with recommendation
23  that plaintiff's motion for default judgment be granted).

24  **B. Default Judgment is Appropriate Here.**

25  Courts consider the "*Eitel* factors" in determining whether to enter a default
26  judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). These seven
27  factors are: (1) the possibility of prejudice to the plaintiff; (2) the merits of
28  plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of

1    money at stake in the action; (5) the possibility of a dispute concerning material

2    facts; (6) whether the default was due to excusable neglect; and (7) the strong

3    policy underlying the Federal Rules of Civil Procedure favoring decisions on the

4    merits. *Id.* The *Eitel* factors support a default judgment in this case.

5          First, Plaintiff would suffer prejudice if this Motion were denied because he

6    would be left without a remedy to the willful and ongoing infringements of his

7    copyrights. *PepsiCo, Inc.v.Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal.

8    2002). Further, extensive resources would be wasted in pursuit of a Defendant with

9    no defense, that has taken every opportunity to drive up fees and delay.[2]

10         It is clear that without a default judgment from the Court, Plaintiff will be

11   left with no judicial recourse to his legitimate claims of copyright infringement

12   against Defendant. *Id.*; *Dillard v. Victoria M. Morton Enters.*, 2:08-cv-01339 FCD

13   KJN PS, 2010 U.S. Dist. LEXIS 48539, *23 (E.D. Cal. April 23, 2010).

14         The second and third Eitel factors are often addressed together. There is no

15   possibility of a dispute concerning the merits of Plaintiff's substantive claims and

16   the Complaint is sufficiently well-pled to establish all the necessary elements of a

17   claim for copyright infringement pursuant to17 U.S.C. § 501. *Pepsico*, 238 F.

18   Supp. at 1175. Plaintiff meets all elements. The elements necessary to establish a

19   copyright infringement claim are (1) ownership of a valid copyright and (2) the

20   defendant violated at least one of the exclusive right granted to plaintiff under 17

21   U.S.C. § 106. *Autodesk, Inc.*, 2011 U.S. Dist. LEXIS 11687 at *7-8. Section 106 of

22   the Copyright Act states, in pertinent part, that:

23         "the owner of copyright under this title has the exclusive rights to do
24         and to authorize any of the following (1) to reproduce the copyrighted

25

26   [2] Most recently, Medlin called Plaintiff's counsel on February 2, 2016, to tell him he had filed a Motion to Set Aside
     Entry of Default. This was two weeks after he allegedly served the papers on Plaintiff and one day **after opposition**
27   **papers to the Motion were due**. During this call, Plaintiff attempted to discuss the pending Motion, but Defendant
     quickly cut the call short saying he would not discuss it, had to go, and hung up. Defendant, despite his protestations
28   that he wants to defend this case, has still to file an answer or respond to Plaintiff's FAC. Gafni Decl., ¶ 4.

                                                    9

**Application for Default Judgment**                                    **2:15-cv-05789**

work in copies or phonorecords;…(3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending…"

17 U.S.C. § 106.

Plaintiff here has clearly met these elements. Further, Medlin has admitted to committing copyright infringement. As pled in the FAC, and the Declarations filed concurrently herewith, Plaintiff owns the registered copyrights to the two (2) photographs at issue. Dkt. No. 25, ¶¶ 35, 36. The photographs are all registered with the U.S. Copyright Office, with the registration numbers and names as listed in the FAC, above, and the Declaration of Barry Rosen. Dkt. No. 25, ¶¶ 1, 24. Defendant violated the exclusive rights granted to Plaintiff as a copyright owner as provided in Section 106 of the Copyright Act by copying, reproducing, uploading, downloading, publicly displaying and distributing, and selling the photographs to a global audience through his eBay account and at memorabilia events, without ever obtaining a license or consent from the copyright holder. Plaintiff has thus more than sufficiently pled the standard to establish a claim for copyright infringement against Defendant. Since there is no issue as to the merits of Plaintiffs' substantive claims, these factors favor granting a default judgment.

Fourth, the Court must consider the amount of money that is at stake in relation to the seriousness of a defendant's conduct. *Pepsico*, 238 F. Supp. at 1176-77. Here, significant damages are sought. Plaintiffs are requesting statutory damages pursuant to Section 504 of the Copyright Act in at least the amount of $100,000.00 for Defendant's willful infringements and $13,130.00 in reasonable attorney's fees and $485.00 in costs pursuant to Section 505 of the Copyright Act. Defendant's ongoing and repeated engagement of willful and deliberate copyright infringement followed by a refusal to accord the situation the attention it deserves, is serious. If a judgment is not entered against Defendant he will continue to act as if the Copyright laws of the United States do not apply to him. To date, Plaintiff

**Application for Default Judgment**                                    **2:15-cv-05789**

1  cannot determine whether or not Medlin has ceased to infringe on Plaintiff's

2  images, however, due to his prior actions and course of business, it is far more

3  likely that he will simply continue to willfully infringe on the copyrights of

4  numerous works that he did not license or get consent to use in any manner. The

5  evidence thus far presented shows that without judgment against him, he will

6  infringe unchecked and feel free to continue to use whatever images he sees fit to

7  support his own commercial endeavors. This fourth factor weighs heavily in favor

8  of granting a default judgment.

9       Fifth, the Court must consider whether there is a possibility of a dispute

10  concerning material facts. *Pepsico*, 238 F. Supp. at 1177. There is no possibility of

11  such a dispute here as all the well-pleaded facts of the Complaint are to be taken as

12  true, except those as to damages. Accordingly, there being no answer, all of the

13  facts Plaintiff established in the FAC are taken as such by the Court. There is no

14  issue of material fact that will preclude granting a default judgment in favor of

15  Plaintiffs.

16       Sixth, the Court must consider whether the default was due to excusable

17  neglect. *Id*. There can be no reasonable finding that the default here was the result

18  of excusable neglect on Defendant's part. Defendant is well aware of the ongoing

19  suit against him and yet he has approached every step of this case dismissively.

20  Despite repeated assertions to this Court that he wishes to defend against this

21  action, he nonetheless has failed to file a single timely document, ignoring the

22  federal rules, local rules, and orders from this Court. There are no facts that could

23  lead this Court to belive that the default was due to excusable neglect.

24       Seventh, although there is a strong preference for cases to be decided on the

25  merits wherever possible, the "preference, standing alone, is not dispositive."

26  *Pepsico*, 238 F. Supp. at 1177 (quoting *Kloepping v. Fireman's Fund*, C 9402684

27  TEH, 1996 U.S. Dist. LEXIS 1786, *3 (N.D. Cal. Feb. 14, 1996)). Moreover, a

28  **preference** to decide cases on the merits is just that. A court is not bound to decide

**Application for Default Judgment**                                    **2:15-cv-05789**

cases on the merits, this is the very predicate of Rule 55. When a defendant determines that it will not participate in a case, or continuously create excuses thereby forcing the case to remain in limbo without possible resolution,  the court may grant a default judgment when applicable. As Defendant has failed to participate in this matter in any constructive way towards its resolution, a decision on the merits is "impractical, if not impossible." *Pepsico*, 238 F. Supp. at 1177.

Due to overwhelming weight of the *Eitel* factors being in favor of entering a default judgment against Defendants, and Defendants truancy in attending to this matter, the Court should enter a default judgment in favor of Plaintiffs and against Defendants.

## C. Plaintiffs Are Entitled To Statutory Damages For Defendant's Willful Conduct

The Copyright Act provides that:

> [T]he copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just.

17 U.S.C. § 504(c)(1). Furthermore, "[i]n a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statuory damages to a sum of not more than $150,000."  17 U.S.C. § 504(c)(2). The statutory damages rule's purpose is to compensate the copyright owner for the injury caused by the infringement and to discourage wrongful conduct. *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233 (1952).

Under Rule 54(c) of the Federal Rules of Civil Procedure, "a default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. Rule Civ. P. 54(c). Pursuant to Rule 8(a)(3) of the Federal

1    Rules, the demand for relief must be specific. Fed. Rule Civ. P. 8(a)(3).

2         Plaintiffs may elect statutory damages or actual damages "regardless of the

3    adequacy of the evidence offered as to his actual damages and the amount of the

4    defendant's profits." *Columbia Pictures Indus. v. Krypton Broad. Of Birmingham,*

5    *Inc.*, 259 F.3d 186, 1194 (9th Cir. 2001) (quoting *Nimmer on Copyright,*

6    §14.04[A]). Willful infringements include those where defendants have ignored or

7    disregarded notices of the need for licensing. *Broadcast*, 1993 U.S. Dist. LEXIS

8    3859 at *5. Once statutory damages are chosen, the court has wide discretion to

9    award damages, it is constrained only by the minimum and maximum amounts

10   contained in the statute. *Columbia*, 259 F.3d at 1194. When awarding statutory

11   damages for willful infringements courts are to be guided by the principle that a

12   defendant should not benefit from violating copyright laws. Courts must "put

13   defendants on notice that it costs less to obey the Copyright Act than to violate it."

14   *Odnil Muisc, Ltd. v. Katharsis LLC*, S-05-0545 WBS JFM, 2006 U.S. Dist. LEXIS

15   65813, *21 (E.D. Cal. July 20, 2006); *Flyte Tyme Tunes v. Miszkiewicz*, 715 F.

16   Supp. 919, 922 (E.D. Wisc. 1989). "Statutory damages are particularly appropriate

17   in a case, such as this one, in which defendant has failed to mount any

18   defense…thereby increasing the difficulty of ascertaining plaintiff's actual

19   damges." *Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1101 (N.D. Cal. 2003).

20        Oftentimes, courts award multipliers of three (or more) times the unpaid

21   licensing fees as statutory damages. *Odnil*, 2006 U.S. Dist. LEXIS at *21;

22   *Fermanta Int'l Melodies, Inc. v. Champions Golf Club, Inc.*, 712 F. Supp. 1257,

23   1264 (S.D. Tex. 1989); *Coleman v. Payne*, 698 F. Supp. 704, 708 (W.D. Mich.

24   1988) (statutory award of over 9 times the licensing fees; $50,000 when licensing

25   fees would have totaled $5,450).

26        Defendant's conduct here was undoubtably willful. Plaintiff sent DMCA

27   notices via eBay, which Medlin received. Plaintiff had seen him personally

28   offering for sale his copyrighted photographs at numerous Hollywood Show

13

1   events. Defendant was on notice that Plaintiff attended these shows specifically

2   looking for infringements of his work, yet Defendant did not think to stop selling

3   such works, only to "be on the look out" for Plaintiff. Defendant was clearly on

4   notice that that his copying, uploading, public distribution and display, and sale of

5   Plaintiff's images for his commercial gain was infringing activity. Defendant's

6   actions were willful and deliberate. Statutory damages for willful infringements

7   necessarily carry a punitive component of which courts should be mindful.

8   *Jackson*, 255 F. Supp. 2d at 1103.

9        Plaintiff respectfully requests statutory damages in at least the amount of

10  $100,000.00. Plaintiff has routinely received between $5,000 and $10,000 for a

11  single use, editorial license rate for his photographs. If Defendant had properly

12  licensed this use at even this rate, Medlin would have paid $20,000.00. Rosen

13  Decl., ¶21. When these fees are multiplied by a factor of five (5), this becomes

14  $100,000.00. This amount is well within the applicable range for willful copyright

15  infringements (i.e. at one-third the maximum) and is an amount that will both

16  compensate Plaintiff for his injury and should deter future conduct by Defendant.

17  Despite Plaintiff's repeated attempts to get Defendant to stop using his copyrighted

18  photographs or to pay any type of license fee, Defendant has persisted in offering

19  for sale the photographs and has made a habit of ignoring Plaintiff's requests to

20  refrain from using his images.

21        **D.   Plaintiffs Are Entitled to Costs and Reasonable Attorney's Fees**

22        The United States Copyright Act expressly provides that courts may award

23  the prevailing party in a copyright infringement action its reasonable attorney's

24  fees as part of the recovery of the full costs of suit. 17 U.S.C. § 505.  Courts have

25  discretion whether to award attorney's fees. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517,

26  534 (1994). When determining whether to award attorney's fees the most

27  important factor "is whether such an award will further the purposes of the Act."

28  *Sofa Entm't, Inc. v. Dodger Prods.*, 709 F.3d 1273, 1280 (9th Cir. 2013) (quoting

**Application for Default Judgment**                                        **2:15-cv-05789**

1   *Mattel, Inc. v. MGA Entm't, Inc.*, 705 F.3d 1108, 1111 (9th Cir. 2013)). The Court

2   in *Fogerty* laid out the factors to be considered when deciding to award attorney's

3   fees: "frivolousness, motivation, objective unreasonableness (both in factual and

4   legal components of the case) and the need in particular circumstances to advance

5   considerations of compesenation and deterrence." *Fogerty*, 510 U.S at 535.

6       Routinely, attorneys fees are awarded in cases of willful infringements.

7   *Odnil*, 2006 U.S. Dist. LEXIS 39793 at *14-15; *Canopy Music Inc. v. Harbor*

8   *Cities Broad., Inc.*, 950 F. Supp. 913, 917-918 (E.D. Wis. 1997) (case decided and

9   attorney's fees award on a motion for default judgment). In cases where a default

10  judgment is obtained, Plaintiffs are usually awarded attorneys' fees and costs in the

11  ordinary course. *Livingston*, 2015 U.S. Dist. LEXIS 92211 at *37; *Penpower Tech.*

12  *Ltd. v. S.P.C. Tech.*, 627 F. Supp. 2d 1083, 1094 (N.D. Cal. 2008); *Pac. Stock, Inc.*

13  *v. MacArthur & Co.*, 11-00720 JMS/BMK, 2012 U.S. Dist. LEXIS 128258, *19

14  (D. Haw. Sept. 10, 2012); *Broadcast*, 1993 U.S. Dist. LEXIS 3859 at *7-9; *Lifted*

15  *Research Group, Inc. v. Salem*, C-08-4497 SC, 2009 U.S. Dist. LEXIS 44850, *21

16  (N.D. Cal. May 15, 2009).

17      An award of attorney's fees in this case is justified because Defendant could

18  have easily avoided the need for suit if he had, at any point during the litigation,

19  responded substantially to Plaintiff's counsel. This litigation has been littered with

20  motions that could have been avoided had Defendant afforded it the attention it

21  deserves or engaged in settlement discussions. Defendant cannot claim he is an

22  innocent infringer. Costs of suit and attorneys fees are appropriate here.

23      The reasonable attorneys fees incurred in bringing this suit were $13,130.00.

24  See Gafni Decl.,¶ 5 & Gafni Exh. 1 (Spreadsheet reflecting attorney time spent).

25  The costs incurred in bringing this suit are $485.00. Gafni Decl., ¶ 6.

26  **E. Plaintiff Is Entitled to Injunctive Relief**

27      Section 502 of the Copyright act authorizes the courts "to grant temporary

28  and final injunctions on such terms as it may deem reasonable to prevent or

15

restrain infringement of a copyright. 17 U.S.C. § 504(a). "A permanent injunction is especially appropriate where a threat of continuing infringement exists" *Broadcast Music, Inc. v. Colonial Foods* 1193 U.S. Dist. LEXIS 3859 at *4 (quoting *Broadcast Music, Inc. v. Niro's Palace, Inc.,* 619 F. Supp. 958, 963 (N.D. Ill. 1985); *Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003).

Here, Defendant has shown the Court that he will continue to infringe Plaintiff's copyrights until he is ordered to stop. Plaintiff requests a permanent injunction restraining Medlin from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff for which he has no adequate remedy of law.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully submit that a default judgement be entered against Defendant and in favor of  Plaintiff granting a mimimum statutory damages award of $100,000.00, including reasonable attorney's fees of $13,130.00, costs of suit of $485.00, and an injunction against using Plaintiff's photographs to obtain celebrities' autographs.


Respectfully submitted,


Dated: February 11, 2016                    LAW OFFICES OF ADAM I. GAFNI


By:  /s/ Adam I. Gafni

Adam I. Gafni
Attorneys for Plaintiffs
Barry Rosen

**Application for Default Judgment**                                   **2:15-cv-05789**