O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY ROSEN,<br><br>                Plaintiff,<br>    v.<br><br>MICHAEL "MIKE" MEDLIN DBA<br>AFFORDABLE AUTOGRAPHS,<br>AFFORDABLE AUTOGRAPHS<br>HOLLYWOOD; HOLLYWOOD SHOW,<br>LLC, A CALIFORNIA LIMITED<br>LIABILITY COMPANY; AND DOES 1-<br>10.<br><br>                Defendants. | Case No. 2:15-cv-05789-ODW-JC<br><br>**ORDER DENYING MOTION TO<br>SET ASIDE ENTRY OF DEFAULT<br>[61]** |

Defendant Michael Medlin moves to set aside a default entered against him under Federal Rule of Civil Procedure 55(c).  (ECF No. 61.)  Plaintiff Barry Rosen argues the motion should be denied because 1) Defendant failed to meet and confer prior to the filing of his motion; 2) Defendant continues to violate this Court's orders; and 3) Defendant lacks a meritorious defense.   For the following reasons, the Court **DENIES** Defendant's motion.[1]

---

[1] After carefully considered the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## I.   FACUTAL BACKGROUND

This action concerns copyright issues within the autograph dealing industry. Defendant obtains celebrity autographs on photographs that he prints off the Internet and subsequently sells them for profit.  (ECF No. 38, Opp'n 2.)

On July 20, 2015, Plaintiff, a photographer, filed his original Complaint alleging that Defendant printed a copyrighted photograph of Ali Landry from the Internet, obtained her signature, and sold the photograph as memorabilia.  (ECF No. 1.)  Service of the Summons and Complaint were personally served on Defendant at 5400 W. Century Blvd., Los Angeles, California.  (ECF No. 8.)  Defendant filed his Answer to the original Complaint on September 2, 2015.  (ECF No. 23.)  On September 10, 2015, Plaintiff filed his First Amended Complaint.  (First Amended Complaint ("FAC"), ECF No. 25.)  The FAC was served on Defendant by first class U.S. mail at 5936 Carlton Way, No. 11, Hollywood, California–the address Defendant listed on his previously filed Answer.  (ECF Nos. 23, 26.)  Defendant failed to answer the FAC, and on October 8, 2015, the Clerk entered default against Defendant.  (ECF No. 33.)  On October 14, 2015, Defendant moved to set aside the default, claiming he never received the FAC.  (ECF No. 35.)  The Court granted Defendant's motion and gave Defendant 14 days to respond to Plaintiff's FAC.  (ECF No. 54.)  Defendant again failed to do so, and on January 8, 2016, the Clerk entered default against Defendant.  (ECF No. 56.)  Defendant now moves to set aside entry of default on the grounds that he misunderstood this Court's order.  (ECF No. 61.)

## II.   LEGAL STANDARD

Under Rule 55(c), a court may set aside entry of default for good cause, and may set aside default judgment under Rule 60(b).  For setting aside an entry of default, the Ninth Circuit has identified three factors as important in a Rule 55(c) good-cause analysis: (1) the moving party's culpable conduct, (2) prejudice to the non-moving party and (3) the moving party's meritorious defenses. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001).  These factors are disjunctive,

1    and "a finding that any one . . . is true is sufficient reason for the district court to

2    refuse to set aside the default."  *United States v. Signed Personal Check No. 730 of*

3    *Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir.2010).  As for setting aside a default

4    judgment, a court may relieve a party of an order for several enumerated reasons, such

5    as mistake, newly discovered evidence, fraud, void judgment, satisfied judgment, or

6    "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(1–6).  With respect to the

7    "any other reason" prong, Ninth Circuit case law allows a party to seek relief under

8    this  catchall  provision  only  when  the  party  demonstrates  "extraordinary

9    circumstances" warranting a court's favorable exercise of discretion.  *Cmty. Dental*

10   *Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002).

## III.   DISCUSSION

12         The party seeking to set aside the default bears the burden of demonstrating that

13   there is good cause to do so.  *Franchise Holding II, LLC. v. Huntington Rests. Grp.,*

14   *Inc.*, 375 F.3d 922, 926 (9th Cir.2004).  The Court finds that Defendant has not met its

15   burden and that his culpable conduct is enough to justify the Court's refusal to set

16   aside his default.

17         The Ninth Circuit has "typically held that a defendant's conduct was culpable

18   for purposes of the [good cause] factors where there is no explanation of the default

19   inconsistent with a devious, deliberate, willful, or bad faith failure to respond."  *TCI*,

20   244 F.3d at 698.  Thus, "a defendant's conduct is culpable if he has received actual or

21   constructive notice of the filing of the action and intentionally failed to answer."  *Id*. at

22   697 (quoting *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th

23   Cir.1988)).  In this context, "intentionally" means that "a movant cannot be treated as

24   culpable simply for having made a conscious choice not to answer; rather, to treat a

25   failure to answer as culpable, the movant must have acted with bad faith, such as an

26   'intention to take advantage of the opposing party, interfere with judicial decision-

27   making, or otherwise manipulate the legal process.'"  *Signed Pers. Check No. 730 of*

28   *Yubran S. Mesle*, 615 F.3d at 1092–93 (quoting *TCI*, 244 F.3d at 697).

Defendant's repeated inability to comply with court rules has resulted in three Requests for Entry of Default (ECF Nos. 15, 32, 55), two Entries of Default (ECF Nos. 33, 56), two Motions to Set Aside Default (ECF Nos. 35, 61(present motion)), and one Motion for Default Judgment (ECF No. 66, pending). These indiscretions, coupled with Defendant's inadequate justifications, tend to show his intent to interfere with the judicial-decision making process.

First, Local Rule 7-3 requires "counsel contemplating the filing of any motion" to first contact opposing counsel "to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." Local Rule 7-3. This Court's Standing Order makes clear that the pro per status of one or more parties does not negate this requirement. Defendant states in his Notice of Motion (ECF No. 61) that he met and conferred with Plaintiff's counsel on January 15, 2016. However, Defendant states in a sworn declaration that no such meeting occurred. (Adam Gafni Decl., ¶ 5.)

Second, Defendant filed a Proof of Service for this Motion in which he represents (under penalty of perjury) that he served motion papers on Plaintiff's counsel via U.S. Mail on January 15, 2016. (Dkt. No. 64.) Nonetheless, Plaintiff's counsel states in a sworn declaration that he never received such documents and only learned of the motion on January 26, 2016, when the documents were uploaded and emailed via the ECF system. (Gafni Decl., ¶ 2.)

Third, Defendant failed to timely answer the initial complaint (ECF No. 15), failed to timely answer the FAC (ECF No. 32), and again failed to comply with this Court's order to answer the FAC (ECF No. 55). In the December 23, 2015 Order Granting Motion to Set Aside Entry of Default, this Court clearly ordered Defendant to respond to the FAC within 14 days. Defendant claims both that he received the First Amended Complaint a week late and that he misunderstood the Court's order to mean 14 business days. While the Court recognizes Defendant's pro se status, pro se litigants must follow the same rules of procedure that govern other litigants. *See King*

1   *v. Atiyeh, 814 F.2d 565, 567* (9th Cir. 1987); Local Rule 83-2.2.3 ("Any person

2   appearing pro se is required to comply with these Local Rules" and other federal rules

3   of evidence and procedure). This Court has given Defendant numerous opportunities

4   to comply with its Rules, but Defendant has exhibited an inability to do so.

5   Fourth, Defendant displays a pattern and practice of questionable tactics

6   throughout this litigation. For instance, in Defendant's first Motion to Set Aside Entry

7   of Default, he asserted that never received the FAC, but did not claim that the proof of

8   service was defective, or that it listed an incorrect address. (ECF No. 36.) To the

9   contrary, the FAC was served at the exact address listed on Defendant's Answer to the

10  original Complaint. (ECF No. 25.) Additionally, Defendant refused to participate in

11  the required Federal Rule of Civil Procedure 26(f) conference of counsel. (ECF No.

12  39.)

13  Defendant's consistent inability to follow court rules has caused significant

14  delay of the proceedings, and Defendant fails to offer a credible, good faith

15  explanation for his conduct. Plaintiff will incur additional costs should the default be

16  set aside. Defendant's actions are hindering Plaintiff's ability to efficiently litigate its

17  claims.

18  While Defendant's culpable conduct is enough to justify this Court's refusal to

19  set aside his default, it should be noted that Defendant also failed to put forward a

20  meritorious defense based on fair use. *See Meadows v. Dominican Republic*, 817 F.2d

21  517, 521 (9th Cir. 1987) ("If a default judgment is entered as the result of a

22  defendant's culpable conduct, however, we need not consider whether a meritorious

23  defense was shown, or whether the plaintiff would suffer prejudice if the judgment

24  were set aside.")

25

26

27

28

1

2                              **IV.    CONCLUSION**

3          In light of the foregoing, the Court **DENIES** Defendant's motion to set aside

4   entry of default.

5

6          **IT IS SO ORDERED.**

7          April 12, 2016

8

9          _____

10                              **OTIS D. WRIGHT, II**
                       **UNITED STATES DISTRICT JUDGE**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28